1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PETER T. HARRELL,                          No.  2:14-cv-01595-KJM-GGH

12                    Plaintiff,

13          v.                                   FINDINGS AND RECOMMENDATIONS;
                                                 ORDER
14   HORNBROOK COMMUNITY
     SERVICES DISTRICT, et al.,
15
                     Defendants.
16

17          This matter is before the undersigned pursuant to Local Rule 302(c)(21).  Currently before

18   the court is defendant Robert Winston's motion to dismiss, filed on February 23, 2015, and

19   defendants Hornbrook Community Services District ("HCSD"), Michele Hanson, Patricia Brown,

20   Sharrel Barnes, Julie Bowles, Clint Dingman, and Ernest Goff's (collectively "HCSD

21   Defendants") motion to dismiss, filed on May 22, 2015.  ECF Nos. 14, 35.  Also before the court

22   is (1) the HCSD Defendants' response to the court's order requiring them to pay the United States

23   Marshals Service ("USM") for the costs of personal service; (2) plaintiff's motion for early

24   discovery; and (3) plaintiff's motion for leave to amend.  ECF Nos. 34, 38, 45.  Having reviewed

25   the motions, oppositions, and other filings in this matter, the court will recommend that both

26   motions to be denied in part and granted with leave to amend.  The court will also deny the

27   USM's request for reimbursement, plaintiff's motion for early discovery, and plaintiff's motion

28   for leave to amend.

                                                1

1              BACKGROUND

2          Plaintiff filed his original complaint along with a motion to proceed in forma pauperis on

3   July 7, 2014.  ECF Nos. 1, 2.  On August 6, 2014, the court granted plaintiff's motion and

4   directed him to submit copies of his summons and complaint to the USM and file a notice stating

5   he did so within 14 days.  ECF No. 3.  On October 9, 2014, the court ordered plaintiff to show

6   cause why his case should not be dismissed for failure to timely submit those materials to the

7   USM.  ECF No. 8.  On October 30, 2014, plaintiff filed a response to the court's order, along with

8   a motion for leave to amend and the proposed amended complaint.  ECF Nos. 9, 10.  Plaintiff's

9   proposed first amended complaint ("amended complaint" or "FAC") asserted claims against the

10  HCSD Defendants and Winston for violation of 42 U.S.C. § 1983; California Government Code

11  §§ 1090 and 87100; California Business and Professions Code §§ 17200, *et seq.*; various

12  provisions of the California Labor Code; the HCSD bylaws; the covenant of good faith and fair

13  dealing; negligence; employment discrimination and retaliation; conspiracy; negligent and

14  intentional infliction of emotional distress; and nuisance.[1]  ECF No. 10.

15         The court then discharged its order to show cause, denied plaintiff's motion for leave to

16  amend as unnecessary, and directed plaintiff to file copies of his summons, complaint, and other

17  materials with the USM within 14 days.[2]  ECF No. 11.  On December 29, 2014, plaintiff filed a

18  notice stating he had filed the necessary documents with the USM.  ECF No. 13.  On February

19  23, 2015, Winston filed both a waiver of service and a motion to dismiss plaintiff's amended

20  complaint for failure to state a claim, arguing that (1) plaintiff's § 1983 and § 1985, 1986 claims

21  against him should be dismissed because he is not a state actor; (2) plaintiff failed to allege facts

22  sufficient to d establish a violation of his First Amendment rights; (3) plaintiff's state law claims

23  _____

24  [1]  Plaintiff frames his first cause of action as asserting claims for violation of his constitutional
    right to freedom of speech and due process.  ECF No. 10 at 27–29.  The court construes these as
25  § 1983 claims.
    [2]  It is unclear what plaintiff's intended basis for federal subject matter jurisdiction is.  However,
26  while plaintiff asserts federal and constitutional claims, ECF No. 10 at 1, the parties are diverse,
    id. at 13 (alleging that defendants are citizens of California, while plaintiff is a citizen of Oregon),
27  and plaintiff alleges damages in excess of $75,000, id. at 28 (alleging "general and special
    damages in the amount of $250,000").  Accordingly, the court finds that it has federal question
28  and diversity jurisdiction over plaintiff's claims.  See 28 U.S.C. §§ 1331, 1332.

2

1  should be stricken under California's Anti-SLAPP statute; and (4) plaintiff has failed to allege

2  facts sufficient to state a claim for conspiracy.  ECF No. 14-1 at 2–3.

3          On March 25, 2015, plaintiff filed a motion for a 45-day extension of time to file an

4  opposition.  ECF No. 18.  On April 1, 2015, the court granted plaintiff's motion in part and took

5  Winston's motion to dismiss under submission.  ECF No. 20.  On April 6, 2015, the USM filed a

6  request for reimbursement for personal service upon the HCSD Defendants, along with summons

7  returned executed.  ECF Nos. 21, 22.  The HCSD Defendants then filed a motion for extension of

8  time to respond to plaintiff's amended complaint on April 22, 2015, which the court granted two

9  days later.  ECF Nos. 23, 24.  On April 28, 2015, plaintiff filed an opposition to Winston's

10  motion to dismiss.  ECF No. 29.

11          On May 8, 2015, the court ordered the HCSD Defendants to pay the USM for the costs it

12  incurred personally serving them or file a response explaining why it is they should not be

13  required to pay the costs of personal service.  ECF No. 32.  On the same day, Winston filed a

14  reply to plaintiff's opposition.  ECF No. 33.  The HCSD Defendants filed objections to the court's

15  order that they pay the USM for the costs of personal service on May 22, 2015.[3]  ECF No. 34.

16  The HCSD Defendants then filed their motion to dismiss plaintiff's amended complaint on May

17  22, 2015, arguing that (1) plaintiff's amended complaint should be dismissed for failure to timely

18  and properly serve; (2) plaintiff's § 1983 claims should be dismissed because the HCSD

19  Defendants are not state actors; (3) plaintiff fails to allege facts sufficient to state a § 1983 claim;

20  (4) plaintiff's state law claims should be stricken pursuant to California's Anti-SLAPP statute;

21  and (5) plaintiff fails to allege facts sufficient to state a single state law claim.  ECF No. 35.

22          On June 2, 2015, plaintiff filed a self-styled request for an order permitting written

23  discovery, which the court construes as a request to permit early discovery.  ECF No. 38.

24  Winston filed an opposition to this motion on June 4, 2015, which the HCSD Defendants joined

25  on June 12, 2015.  ECF Nos. 39, 40.  Plaintiff filed a reply to defendants' opposition on June 19,

26  2015.  ECF No. 41.

27

28  _____
[3]  Plaintiff filed a self-styled opposition to the HCSD Defendants' objections on May 29, 2015,
arguing that they should be required to pay the costs of personal service.  ECF No. 37.

1    On July 13, 2015, plaintiff filed a motion for an extension of time to file an opposition to

2    the HCSD Defendants' motion to dismiss.  ECF No. 42.  The court granted plaintiff's motion and

3    took the HCSD Defendants' motion to dismiss under submission on July 22, 2015.  ECF No. 43.

4    On July 24, 2015, plaintiff filed a self-styled request for service of a John Doe Defendant by the

5    USM.  ECF No. 45.  Plaintiff's motion asks the court to amend his FAC to include two additional

6    defendants: Jason J. Sommer and Robert W. Lucas.  Id.  Accordingly, the court construes

7    plaintiff's motion as a motion for leave to amend.

8    On August 12, 2015, plaintiff filed an opposition to the HCSD Defendants' motion to

9    dismiss.  ECF No. 48.  At the same time, plaintiff filed declarations by two individuals not

10   involved in this litigation, Roger J. Gifford and Kimberly R. Olson.  ECF Nos. 46, 47.  On

11   August 20, 2015, the HCSD Defendants filed a reply to plaintiff's opposition.  ECF No. 49.

12                                          DISCUSSION

13   I.      STANDARDS FOR A MOTION TO DISMISS, AN ANTI-SLAPP MOTION  AND THE

14           STATE OF THE RECORD ON THESE MOTIONS

15           The verbosity of the First Amended Complaint, ECF # 10, the numerous evidentiary

16   attachments thereto, including incorporation of exhibits from the superseded complaint, the

17   motion of defendant Winston which attaches an evidentiary declaration, plaintiff's opposition

18   which attaches evidentiary declarations, and the conflicting evidence submission standards

19   inherent in a Fed.R.Civ.P 12(b)(6) motion combining the state law inspired anti-SLAPP motion,

20   make for a tangled mess almost impossible to adjudicate in these multi-party motions to dismiss.

21   The undersigned will nevertheless do his best.

22           A.      Ordinary Legal Standard for Motion to Dismiss

23           The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

24   sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

25   1983).  Dismissal may be based either on the lack of cognizable legal theories or the lack of

26   pleading sufficient facts to support cognizable legal theories.  Balistreri v. Pacifica Police Dep't,

27   901 F.2d 696, 699 (9th Cir. 1990).  The complaint's factual allegations are accepted as true.

28   Church of Scientology of California v. Flynn, 744 F.2d 694 (9th Cir. 1984).  The court construes

the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor. Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  General allegations are presumed to include specific facts necessary to support the claim.  NOW, Inc., 510 U.S. at 256 (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)).

The court may disregard allegations contradicted by the complaint's attached exhibits. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987); Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295 (9th Cir. 1998).  Furthermore, the court is not required to accept as true allegations contradicted by judicially noticed facts.  Mullis v. United States Bankr. Ct., 828 F.2d 1385, 1388 (9th Cir. 1987).  The court may consider matters of public record, including pleadings, orders, and other papers filed with the court.  Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds by Astoria Federal Savings and Loan Ass'n v. Solimino, 501 U.S. 104 (1991).  "The court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  Clegg v. Cult Awareness Network, 18 F.3d 752 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact.  See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520–21 (1972).  Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal.  See Lopez v. Smith, 203 F.3d 1122, 1127–28 (9th Cir.2000) (en banc); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

Three points are to be made here concerning the record on these motions to dismiss based on Rule 12(b)(6).  While documents definitional to a claim may be attached to the complaint, e.g., the contract in a breach of contract action, it is not appropriate to submit a myriad of evidentiary exhibits.  The complaint becomes a large evidentiary mess where the defendant is unsure of what to plead to, and unsure of what is presumed true for the purposes of a motion to dismiss.

Secondly, Winston requests that the court take judicial notice of five documents: (1) plaintiff's amended complaint in this matter; (2) Winston's attorney profile from the State Bar of

5

1    California; (3) a motion to strike filed in <u>Kimberly R. Olson v. Michele Hanson, et al.</u>, Case No.

2    SCCVPT14-0672 (Siskoyou Cty. Super. Ct. July 24, 2014); (4) a motion to strike filed in <u>Peter T.</u>

3    <u>Harrell v. Michele Hanson, et al.</u>, Case No. SCCVPT14-0671 (Siskoyou Cty. Super. Ct. June 30,

4    2014); and (5) the complaint filed in <u>Hornbrook Cmty. Servs. Dist. V. Kimberly R. Olson, et al.</u>,

5    Case No. SCCVPT14-0797 (Siskoyou Cty. Super. Ct. June 30, 2014).  Under Rule 201 of the

6    Federal Rules of Evidence, a court must take judicial notice of an adjudicative fact that is not

7    subject to reasonable dispute because it is either (1) generally known or "(2) can be accurately

8    and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R.

9    Evid. 201(b).  The filings attached to Winston's request for judicial notice can be determined

10   "from sources whose accuracy cannot reasonably be questioned."  <u>Id.</u>  Accordingly, the court

11   grants Winston's request for judicial notice, but on a limited basis.  Taking judicial notice of a

12   document does not mean that facts asserted therein are necessarily subject to judicial notice.

13   When the fact of filing itself is at issue, or the fact that something was written or said or stated is

14   relevant *per se*, quite often judicial notice can be taken of documents demonstrating such.

15   Nevertheless, when a party is seeing to have disputed facts taken as true merely because their

16   assertion appears in a filing in another jurisdiction or forum, that is quite another matter.

17   Moreover, the court denies Winston's request for judicial notice of plaintiff's amended complaint

18   because it is unnecessary for the court to take judicial notice of the filings herein.  <u>See</u> <u>Willard v.</u>

19   <u>Sebok</u>, No. CV 13–2251–MMM RNB, 2015 WL 391673, at *2 n.2 (C.D. Cal. Jan.28, 2015).

20       Plaintiff and defendant Winston have attached evidentiary declarations to the FAC and

21   motion to dismiss, opposition thereto, and reply.  The primary issue presented by defendants'

22   motions to dismiss is whether plaintiff's amended complaint should be dismissed under Rule

23   12(b)(6), i.e., the allegations themselves are insufficient as a matter of law.  ECF Nos. 14, 35.

24   Submission of testimony via declaration is clearly improper to test the allegations.

25       At the motion to dismiss stage, plaintiff's factual allegations are presumed to be true.  <u>Bell</u>

26   <u>Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  While the court may transform motions to

27   dismiss into motions for summary judgment on the basis of its consideration of submission of

28   extra-record facts, <u>see</u> Fed. R. Civ. P 12(d), to do so here would be decidedly improper.  Not only

6

1   does plaintiff, appearing pro se, have insufficient notice of such a transformation, the declarations

2   contain assertions and counter-assertions which are the hallmark of disputed facts.  Accordingly,

3   with one exception set forth below, the filing of supporting declarations by third parties on behalf

4   of *any* party on a Rule 12(b) motion (6) is inappropriate and the court will not consider them.

5        The one exception occurs in consideration of defendants' anti-SLAPP motion.  That

6   standard is discussed below.

7        B.        Standards on an Anti-Slapp Motion

8        Combining a Rule 12(b)(6) motion which seeks to exclude evidentiary submissions with

9   an anti-SLAPP motion which encourages the submission of evidence makes for a schizophrenic

10  adjudication.

11       California's "anti-SLAPP statute was enacted to allow early dismissal of meritless first

12  amendment cases aimed at chilling expression through costly, time-consuming litigation."

13  Metabolife Int'l, Inc. v. Wornick, 264 F.3d 832, 839 (9th Cir. 2001).  "A court considering a

14  motion to strike under the anti-SLAPP statute must engage in a two-part inquiry."  Vess v. Ciba-

15  Geigy Corp. USA, 317 F.3d 1097, 1110 (9th Cir. 2003).  "First, a defendant 'must make an initial

16  prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's

17  rights of petition or free speech.'"  Id. (quoting Globetrotter Software, Inc. v. Elan Computer

18  Group, Inc., 63 F. Supp. 2d 1127, 1129 (N.D. Cal. 1999)).  "Second, once the defendant has made

19  a prima facie showing, 'the burden shifts to the plaintiff to demonstrate a probability of prevailing

20  on the challenged claims.'"  Id.[4]  It is clear that anti-SLAPP motions contemplate the submission

21  of extra-pleading evidence.

22       The Ninth Circuit has determined the standard of review of an anti-SLAPP motion, at

23  least with respect to the "probability" component:

24  _____

25  [4]  As defendants recognize, application of anti-SLAPP state law to federal claims is unavailing.
    While anti-SLAPP state law may be applied to state claims in a diversity based action, United

26  States v. Lockheed Missles etc, 190 F.3d 963, 972, 973 (9th Cir. 1999), the state law does not
    serve to permit dismissal of federal claims.  Bulletin Displays LLC v. Regency Outdoor

27  Advertising, 448 F. Supp 2d 1172 (C.D. Cal. 2006) (diversity action); Globetrotter Software v.
    Elan Computer Group, Inc., 63 F. Supp. 2d 1127, 1128-1130 (N.D. Cal. 1999).

28

1
2
3
4
5
6
7
8
9
10

> In the anti-SLAPP context, "probability" is a low bar.  To withstand an anti-SLAPP motion to strike in California, the plaintiff must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.  In deciding the question of potential merit, the trial court considers the pleadings and evidentiary submissions of both the plaintiff and the defendant; though the court does not weigh the credibility or comparative probative strength of competing evidence, it should grant the motion if, as a matter of law, the defendant's evidence supporting the motion defeats the plaintiff's attempt to establish evidentiary support for the claim.  *Manufactured Home Communities, Inc. v. Cnty. of San Diego*, 655 F.3d 1171, 1176–77 (9th Cir.2011) (internal alterations and quotation marks omitted).  The plaintiff's burden resembles the burden he would have in fending off a motion for summary judgment or directed verdict.  *Gilbert v. Sykes*, 147 Cal.App.4th 13, 53 Cal.Rptr.3d 752, 763 (2007); *see also Mindys Cosmetic*s, 611 F.3d at 599.

11
12

Roberts v. McAfee, Inc., 660 F.3d 1156, 1163 (9th Cir. 2011).

13   The standard is probably easier to state than to apply, especially where the Rule 12(b)(6)

14   Motion and the anti-SLAPP motion are jumbled together.  The parties seem to use the pleadings

15   and evidence interchangeably for each motion.  For the adjudicator, it is not always clear to what

16   the parties are referring when they discuss the facts, i.e., just the facts in the pleadings or the

17   evidence as a whole.  The better practice is to bring the anti-SLAPP motion concurrently, but in a

18   separately filed motion.  In utilizing the above standard, and requiring a *separate* but concurrent,

19   anti-SLAPP motion apart from that of a Rule 12(b)(6) motion to dismiss, we can stop the

20   proverbial pounding of the anti-SLAPP square peg into the motion to dismiss round hole.

21   II.   ANALYSIS OF THE PENDING MOTIONS

22      A.   Motion to Dismiss

23         1.   Failure to Properly Serve

24   The HCSD Defendants first argue that plaintiff's FAC should be dismissed because

25   service upon them was both untimely and ineffective.  ECF No. 35-1 at 13–14.  Specifically, the

26   HCSD Defendants argue that plaintiff violated the court's December 5, 2014, order that plaintiff

27   serve them within ninety (90) days.  Id. at 13.  In addition, they argue that plaintiff's FAC should

28   be dismissed because every HCSD Defendant except for Goff was served the original complaint

1    instead of the operative FAC.  Id. at 14.  The court declines to dismiss plaintiff's FAC based on

2    ineffective or untimely service.  First, the court's December 5, 2014, order does not, as the HCSD

3    Defendants contend, order plaintiff to serve defendants within ninety (90) days.  What the court's

4    order does do is instruct the USM to alert the court if it is unable to serve any defendant within

5    ninety (90) days.  ECF No. 11.  Second, plaintiff is proceeding in forma pauperis.  This means

6    that plaintiff is only responsible for submitting copies of the summons and complaint to the USM,

7    who are themselves responsible for serving defendants.  28 U.S.C. § 1915(d) ("The officers of the

8    court shall issue and serve all process, and perform all duties in such cases.").  An order

9    dismissing plaintiff's FAC for improper service when serving defendants was not even plaintiff's

10   responsibility would be manifestly unjust.[5]  The HCSD Defendants cite to no authority supporting

11   a contrary conclusion.  Accordingly, the court will not dismiss plaintiff's FAC for improper or

12   untimely service.

13                    2.        Section 1983 et al.

14                              i.        State Actors

15            Both Winston and the HCSD Defendants argue that plaintiff's § 1983 claims (as well as

16   §§ 1985, 1986 claims) should be dismissed because the HCSD is not a state actor.  ECF Nos. 14-

17   1 at 13, 35-1 at 16–17.  The court, however, finds plaintiff's allegation that the HCSD is a

18   municipal corporation sufficient to establish it is a state actor at this juncture in light of the

19   limited, of record facts asserted by defendants to the contrary.

20            "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a

21   right secured by the Constitution or laws of the United States was violated, and (2) that the

22   alleged violation was committed by a person acting under the color of State law."  Long v. Cty. of

23   Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing West v. Atkins, 487 U.S. 42, 48

24   (1988)).  "[G]enerally, a public employee acts under color of state law while acting in his official

25   capacity or while exercising his responsibilities pursuant to state law."  Dang Vang v. Vang

26   Xiong X. Toyed, 944 F.2d 476, 479 (9th Cir. 1991).

27   _____

28   [5] That is, of course, assuming the HCSD Defendants were even served improperly, an issue the
     court declines to decide.

1    Plaintiff alleges that the HCSD is a state actor because it is a municipal corporation and a

2    political subdivision of the State of California.  ECF No. 10 at 1.  Defendants, however, argue

3    that although the HCSD is organized as a political subdivision of the State, it is not a state actor.

4    ECF No. 14-1 at 12–13; ECF No. 35-1 at 7–8.  In support of defendants' argument they cite

5    Gorenc v. Salt River Project Agr. Imp. & Power Dist., 869 F.2d 503, 504 (9th Cir. 1989), which

6    they assert controls on all fours.  Id.  In Gorenc, the Ninth Circuit affirmed the dismissal of a

7    plaintiff's § 1983 claims, holding that the Salt River Project Agricultural Improvement and Power

8    District ("Salt River") did not act under color of state law.  869 F.2d at 509.  The court noted that

9    while Salt River was designated as a political subdivision of the State by the Arizona

10   Constitution, it was not a state actor because it ultimately served a very limited governmental

11   purpose.  Id. at 504.  In support of the court's finding, it noted that Salt River: (1) was only

12   immune from taxation on those activities that were its primary government purpose, unlike other

13   utilities; (2) had powers "limited to the purposes justifying its political existence;" (3) was owned

14   and operated by private individual landowners; (4) was operated for the benefit of the private

15   landowners in the district and not the general public; and (5) was "not financed in any way by the

16   State save for certain tax exemptions." [6]  Id. at 504–09.

17   Defendants have simply not provided judicially noticeable facts supporting their

18   contention that the HCSD is a limited political subdivision comparable to the defendants in

19   Gorenc.  The HCSD Defendants, for example, assert that the HCSD is privately owned and

20   operated.  ECF No. 35-1 at 8.  However, in support of that contention they cite only generally to

21   the HCSD's bylaws in a thirty-page long attachment to plaintiff's original complaint which

22   plaintiff confusingly "incorporates" into his amended complaint.  In any event, even if

23   considered, such evidence is inadequate in light of (1) the presumption of truth afforded

24   plaintiff's factual allegations at the motion to dismiss stage, Lee v. City of Los Angeles, 250 F.3d

25   _____

26   [6]  It is also worth noting that in making its holding the Ninth Circuit relied, in large part, upon an
     Arizona state court case that had held Salt River was not a state actor.  Gorenc, 869 F.2d at 505

27   (citing Niedner v. Salt River Project Agr. Imp. & Power Dist., 121 Ariz. 331, 333 (1979) as
     persuasive, though not controlling).  Defendants have pointed to no such California state court

28   case.

668, 679 (9th Cir. 2001), and (2) the liberal reading the court must afford plaintiff's pleadings as a pro se litigant, Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Moreover, it appears that the governmental or state actor status of municipal corporations is quite different from that of Arizona.  California municipal corporations have all the indicia of a state public agency whose actions entail state action.  See Johnson v. Arvin-Edison Water Storage District, 174 Cal. App. 4th 729, 741 (2009).  It is also more than ironic that in their motion the HCSD Defendants assert they are state actors for purposes of the public agency tort filing requirements, but that the District is simply a private entity for purposes of § 1983.

Accordingly, the court finds on the facts presently before it that the HCSD Defendants are state actors, and hence their motion to dismiss should be denied on that basis.  A motion for summary judgment may elicit more facts in this regard; the denial of the motion to dismiss on state action grounds should be without prejudice to a summary judgment motion.

In addition to asserting that the HCSD is not a state actor, Winston argues that even if the HCSD is a state actor he did not act under color of state law because he is not an employee of the HCSD.  Private parties act under color of state law where the private party conspires with state officials to deprive others of constitutional rights.  See Tower v. Glover, 467 U.S. 914, 920, (1984); Crowe v. Cty. of San Diego, 608 F.3d 406, 440 (9th Cir. 2010).  Similarly, "[p]rivate persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions."  Dennis v. Sparks, 449 U.S. 24, 27–28 (1980) (under § 1983, a claim may lie against a private party who "is a willful participant in joint action with the State or its agents"); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) ("A private individual may be liable under § 1983 if she conspired or entered joint action with a state actor.").

"To prove a conspiracy between the state and private parties under [§] 1983, the [plaintiff] must show an agreement or meeting of the minds to violate constitutional rights.  To be liable, each participant in the conspiracy need not know the exact details of the plan, but each must at least share the common objective of the conspiracy."  United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540–41 (9th Cir. 1989) (en banc) (internal quotation marks and citations omitted).  "To be liable as a co-conspirator, a private defendant must share with the

1   public entity the goal of violating a plaintiff's constitutional rights." <u>Franklin v. Fox</u>, 312 F.3d

2   423, 445 (9th Cir. 2002).  The Ninth Circuit requires a "substantial degree of cooperation"

3   between the government and a private citizen before finding such a conspiracy.  <u>Id.</u>

4          Plaintiff concedes that Winston is not a state actor, but claims that Winston conspired with

5   the HCSD Defendants to deprive him of his constitutional rights and in so doing acted under

6   color of state law.  ECF No. 10 at 6–7, 11.  However, plaintiff alleges virtually no facts to support

7   his contention that a conspiracy existed between Winston and the HCSD Defendants.  Plaintiff

8   does allege that defendants met at Winston's office on June 27, 2014, in order to have a closed

9   session meeting.  <u>Id.</u> at 14–15.  However, plaintiff does not allege that defendants entered into

10  any kind of conspiracy while they were at Winston's office.  Nor would such an allegation,

11  without more, be plausible in light of the fact that Winston was representing the HCSD, Michele

12  Hanson, Patricia Brown, and Sharrel Barnes in litigation against plaintiff at the time.  <u>See</u> ECF

13  No. 14-9 (Ex. E, Complaint in <u>Hornbrook Cmty. Servs. Dist. V. Kimberly R. Olson, et al.</u>, Case

14  No. SCCVPT14-0797 (Siskiyou Cty. Super. Ct. June 30, 2014)).  Plaintiff's complaint is also

15  peppered with general allegations that Winston conspired with, directed, and aided the HCSD

16  Defendants in order to deprive him of his constitutional rights.  These allegations are not entitled

17  to the presumption of truth because they are legal conclusions.  <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S.

18  662, 664 (2009).  Accordingly, the court finds that plaintiff has not alleged facts sufficient to

19  show Winston is a state actor and will grant Winston's motion to dismiss plaintiff's federal claims

20  with leave to amend on that basis.[7]

21              ii.      <u>Constitutional Violations</u>

22          Although plaintiff has sufficiently alleged that the HCSD Defendants are state actors, the

23  court should nevertheless dismiss his federal claims because he has not alleged facts sufficient to

24  state a claim for violation of his rights to due process or freedom of speech.  Plaintiff alleges that

25  defendants violated his right to procedural due process by (1) terminating him as HCSD's Acting

26  ───────────────

27  [7]  Again, while the third party declarations may contain further factual support for plaintiff's position, the undersigned is not considering those extra-record facts at this point.  If plaintiff can

28  alleges such facts in an amended complaint in good faith, the court will then consider them on any further motion to dismiss.

1    General Manager and Systems Operator, and (2) refusing to hire him as HCSD's General

2    Manager.  ECF No. 10 at 34–35.  Plaintiff also alleges that defendants did the foregoing in

3    retaliation for the complaints he made about the HCSB Board to the HCSD Board itself, the

4    courts, and various California agencies, as well as for statements made at public board meetings.

5    Id. at 27–28.  Plaintiff claims that by doing so defendants violated his right to freedom of speech.

6    Id.

7            Plaintiff, however, does not allege facts sufficient to show a violation of his constitutional

8    rights.  Generally, a government employee can only state a due process claim based on

9    deprivation of property when he is removed from a position in which he has "a legitimate claim

10   of entitlement."  Board of Regents v. Roth, 408 U.S. 564, 577 (1972).  The position holder needs

11   "an individual entitlement grounded in state law, which cannot be removed except 'for cause,'"

12   Logan v. Zimmerman Brush Co., 455 U.S. 422, 430 (1982), in order to establish a deprivation of

13   due process.  Under California law, county charters, rules and regulations generally determine

14   whether there is such an entitlement.  Cal. Const. art. 11, § 4(f); American Fed'n of State, Cty. &

15   Mun. Employees Local 685 v. Los Angeles Cty., 146 Cal. App. 3d 879, 888–89 (1983).  See also,

16   Weisbuch v. County of Los Angeles, 119 F.3d 778, 780-81 (9th Cir. 1997).  Plaintiff alleges in

17   conclusory terms that he had a property right in his position with the HCSD.  ECF No. 10 at 28.

18   Such allegations are insufficient to state a claim, however, as they are legal conclusions that are

19   not entitled to the presumption of truth.  See Iqbal, 556 U.S. at 664.  Plaintiff does not allege **facts**

20   establishing that he could only be removed for cause either as a Systems Operator or Acting

21   General Manager, and thus that he had a legitimate claim of entitlement.  Accordingly, the court

22   will recommend dismissal of plaintiff's § 1983 claim against the HCSD Defendants based on the

23   violation of his right to due process because he has not alleged sufficient facts.

24           Plaintiff also fails to allege sufficient facts to show that defendants violated his right to

25   freedom of speech.  The First Amendment significantly limits government's ability to punish or

26   prohibit speech when government acts as a sovereign.  Engquist v. Oregon Dep't of Agr., 553

27   U.S. 591, 599–601 (2008) (quoting Connick v. Myers, 461 U.S. 138, 147 (1983)).  The Supreme

28   Court has held that government's actions as a sovereign, however, are distinct from government's

actions "as proprietor," with the latter including management of its own employees.  Id. at 2151.
In light of this distinction, the Court has held that "constitutional review of government
employment decisions must rest on different principles than review of . . . restraints imposed by
the government as sovereign."  Id. (quoting Waters v. Churchill, 511 U.S. 661, 674 (1994)).

The Ninth Circuit has articulated a five step series of questions to determine whether a
public employer impermissibly retaliated against an employee for protected speech:

> (1) whether the plaintiff spoke on a matter of public concern; (2)
> whether the plaintiff spoke as a private citizen or public employee;
> (3) whether the plaintiff's protected speech was a substantial or
> motivating factor in the adverse employment action; (4) whether the
> state had an adequate justification for treating the employee
> differently from other members of the general public; and (5)
> whether the state would have taken the adverse employment action
> even absent the protected speech.

Anthoine v. N. Cent. Counties Consortium, 605 F.3d 740, 748 (9th Cir. 2010); see also Gibson v.
Office of Atty. Gen., State of Cal., 561 F.3d 920, 925 (9th Cir. 2009) (applying the foregoing test
in the context of a motion to dismiss).

The first issue is whether the speech was on a matter of public concern.  This is a question
of law.  Anthoine, 605 F.3d at 748 (citing Eng, 552 F.3d at 1070).  "Although the boundaries of
the public concern test are not well defined," the Supreme Court has directed courts to "examine
the content, form, and context of a given statement, as revealed by the whole record."  City of San
Diego v. Roe, 543 U.S. 77, 83–84 (2004) (quoting Connick, 461 U.S. at 147–48) (internal
quotations removed).  Content is the most important factor.  Anthoine, 605 F.3d at 748 (citing
Desrochers v. City of San Bernardino, 572 F.3d 703, 710 (9th Cir. 2009)).

Plaintiff alleges that defendants violated his First Amendment right to freedom of speech
by terminating him in retaliation for his complaints about the HCSD Board.  ECF No. 10 at 27.
The problem is that plaintiff does not describe these complaints in any detail.  For example,
plaintiff states that defendants Hanson, Brown, and Barnes denied him current and back wages
and declined to appoint him as the General Manager because of "a stated perception concerning
Plaintiff's citizenship, age, and marital status, but also in retaliation because of protected conduct
by Plaintiff arising [out] of Plaintiff's desire that the District operate within the bounds of the

14

1    laws, and also specifically due to Plaintiff['s] complaints concerning non-compliance with the

2    laws as made to the Board, to OSHA, and to the California Labor Commissioner."  ECF No. 10 at

3    8.  Plaintiff does not otherwise describe the content of his complaints in any way.

4         Until plaintiff clearly describes the speech at issue, including who his complaints were

5    made to and what they were about, he cannot establish that his speech was of public concern, and

6    he cannot state a claim.  What's more, even if plaintiff's FAC did establish his speech was of

7    public concern it would still fail because it does not address whether plaintiff spoke as a private

8    citizen or public employee.  Accordingly, the court will dismiss with leave to amend plaintiff's §

9    1983 claims based on defendants' violation of his First Amendment rights because he has not

10   alleged facts sufficient to show that the HCSD Defendants impermissibly retaliated against an

11   employee for protected speech.

12        Plaintiff also alleges that the HCSD Board failed on numerous occasions to adequately

13   notice its meetings publicly in violation of California's Brown Act, Gov't Code § 54953.  ECF

14   No. 10 at 9, 10, 13, 14, 15, 16–17, 18, 19, 20.  It is not clear whether plaintiff is asserting that the

15   HCSD Board's failure to notice their meetings violated his constitutional rights.[8]  Even if

16   plaintiff is asserting such a claim however, his claim must fail because there is no constitutional

17   right "to be heard by public bodies making decisions of policy."  Bridgeport Way Cmty. Ass'n v.

18   City of Lakewood, 203 F. App'x 64, 66 (9th Cir. 2006) (quoting Minn. State Bd. for Cmty. Colls.

19   v. Knight, 465 U.S. 271, 283 (1984)).

20        It is important to note that plaintiff's lack of specificity when it comes to his constitutional

21   claims is exacerbated by his use of "shotgun pleading."  Shotgun pleadings are pleadings that

22   overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for

23   defendants to make informed responses to the plaintiff's allegations.  They are unacceptable.

24   Federal pleading standards require that plaintiffs give the defendants a clear statement about what

---

[8]  It **is** clear that plaintiff does not allege he was specifically excluded from HCSD Board
meetings either individually or based on his association with a group.  This distinguishes
plaintiff's claims from other matters, like Salvador Reza v. Russell Pearce, et al., __F.3d__, 2015
WL 4899122 (9th Cir. March 12, 2015), in which the plaintiff alleges that he was excluded from
a legislative session because of the content of his speech.

1    the defendants allegedly did wrong.  See Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d

2    1097, 1104 (9th Cir. 2008) ("Under Rule 8(a), the plaintiff must give the defendant fair notice of

3    what the . . . claim is and the grounds upon which it rests." (internal quotation marks omitted)).

4    One common type of shotgun pleading is where the plaintiff recites a collection of general

5    allegations toward the beginning of the complaint, and then each count incorporates every

6    antecedent allegation by reference.  Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001).

7    "The result is that each count is replete with factual allegations that could not possibly be material

8    to that specific count, and that any allegations that are material are buried beneath innumerable

9    pages of rambling irrelevancies."  Id.

10           This is exactly what plaintiff has done in his FAC.  While it is proper to generally allege

11    in a factual section background facts which will be applicable to all claims, plaintiff's amended

12    complaint includes claims that incorporate by reference 26 single-spaced pages of factual

13    allegations, regardless of their relevance.  ECF No. 10 at 27.  This approach greatly exacerbates

14    the elusive nature of plaintiff's allegations, and cannot be repeated on amendment if plaintiff

15    wishes to state a claim.  That is, the factual elements of the claims themselves should be pled

16    within each claim.

17                    3.      State Law Claims

18                            i.      Anti-SLAPP, Cal. Civ. Proc. Code § 425.16[9]

19           The court finds that defendants have not established their conduct is protected by the First

20    Amendment and accordingly, will deny their motions to strike.  The general standards for ant-

21    SLAPP suits has been set forth previously.

22           The applicability of anti-SLAPP to public agencies/districts for claims based on state law

23    is much in flux at this time.  However, the weight of authority permits application of anti-SLAPP

24    protections to public officials for speech within public hearings and for the officials' public

25    decisions.  However, anti-SLAPP is not permitted to be raised by the District entity itself.

26    

27    [9]  As do many California cases, the undersigned uses the nomenclature "anti-SLAPP" to define
      the motion to strike brought by a defendant who believes the plaintiff is attempting to squelch
28    protected speech.

1    Schwarzburd v. Kensington Police CSP, 225 Cal. App. 4th 1345 (2014); San Ramon Valley Fire

2    Pro. District, 343 (2004).  But see Montebello v. Vasquez, 226 Cal. App. 4th 1084 (2014) (not

3    permitting public officials to seek anti-SLAPP protection, *review granted* 175 Cal. Rptr. 252

4    (2014).

5              The HCSD Defendants argue that defendants' conduct is protected by California's anti-

6    SLAPP statute because it "arise[s] out of either the HCSD Defendants acting during their board

7    meetings or in furtherance of defending themselves against Harrell's state court complaint."  ECF

8    No. 35-1 at 12–13.  Such a broad assertion, in and of itself, is insufficient to show that

9    defendants' conduct is protected by § 425.16, especially because plaintiff (in his evidence) asserts

10   state law violations occurring outside of Board meetings and at extra-record Board meetings.

11   Moreover, as stated previously, it is unclear based on plaintiff's amended complaint what conduct

12   his claims are based on.  This is, in no small part, because of plaintiff's aforementioned use of

13   shotgun pleading throughout his complaint.  What is clear is that some of plaintiff's claims are

14   based on his termination, which he alleges was in retaliation for his complaints to the HCSD

15   Board itself and various government agencies. The Board itself would not be protected by anti-

16   SLAPP protections in any event.  In light of the factual mileu at this time, defendants have not

17   demonstrated that their conduct is protected by § 425.16.  Therefore the court need not at this

18   time determine whether plaintiff has met the "probability" aspect at this time.

19             For his part, Winston argues that the conduct forming the basis of plaintiff's claims is his

20   representation of the HCSD and its board members, which is protected by § 425.16.  ECF No. 14-

21   1 at 17–19.  A lawyer's representation of his or her client constitutes conduct protected by

22   California's anti-SLAPP statute.  See Jarrow Formulas, Inc. v. LaMarche, 31 Cal. 4th 728, 734

23   (2003).  However, for reasons the court has already touched on, it is not clear whether plaintiff's

24   claims are based solely on Winston's representation of the HCSD and its board.  Winston

25   dutifully cites to numerous portions of plaintiff's FAC in his motion, ECF No. 14-1 at 17–18, but

26   his citations are simply not enough to establish protected status given the different aspects of

27   plaintiff's complaint.

28             Accordingly, the court should deny defendants' motions to strike because they have not

17

1    made a clear showing that plaintiff's claims arise out of conduct in furtherance of defendants'

2    rights to petition or freedom of speech.  However, the denial should be without prejudice to the

3    filing of a separate anti-SLAPP motion to strike after the filing of an amended complaint.

4                    ii.      California Tort Claims Act, Cal. Gov't Code § 945.4

5          The HCSD Defendants also argue that plaintiff's state law claims should be dismissed for

6    failure to state a claim because he fails to allege facts sufficient to show he complied with the

7    California Tort Claims Act ("CTCA").  The court agrees and will recommend dismissal of

8    plaintiff's state law claims against the HCSD Defendants accordingly.

9          As a prerequisite for money damages litigation against a public entity, the CTCA requires

10   presentation of the claim to that entity.  See Cal. Gov. Code § 945.4; State of Cal. v. Super. Ct.,

11   32 Cal. 4th 1234, 1240–44 (2004) ("Bodde").  Compliance with the CTCA is an element of a

12   cause of action against a public entity.  Willis v. Reddin, 418 F.2d 702, 704 (9th Cir. 1969);

13   Bodde, 32 Cal. 4th at 1240.  As such, "compliance with the claims statute is mandatory and

14   failure to file a claim is fatal to the cause of action."  Hacienda La Puente Unified School Dist. v.

15   Honig, 976 F.2d 487, 494 (9th Cir. 1992); City of San Jose v. Super. Ct., 12 Cal. 3d 447, 455

16   (1974); see also Bodde, 32 Cal. 4th at 1240.  In federal court, the failure to allege facts that either

17   demonstrate or excuse compliance with the CTCA will subject a state law claim to dismissal.  See

18   Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995); Karim–Panahi v.

19   Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988); cf. Bodde, 32 Cal. 4th at 1239.  The

20   CTCA also requires that a lawsuit be filed either: (1) within six months of a plaintiff receiving a

21   written denial from the municipal entity; or (2) within two years of the date the plaintiff's cause

22   of action accrued if no written denial is given.  Cal. Gov. Code § 945.6(a); Westcon Construction

23   Corp. v. Cty. of Sacramento, 152 Cal. App. 4th 183, 190 (2007).

24         Plaintiff alleges that prior to commencing this action he "notif[ied] Defendant HCSD, and

25   HCSD President Michele Hanson, of his State law and Bylaw claims and assertions as set forth

26   herein."  ECF No. 10 at 4.  Plaintiff further alleges that he has "provided timely cease and desist,

27   as well as cure and correct notices to the Defendants concerning their Brown Act violations."  Id.

28   These allegations are insufficient to satisfy the CTCA's requirements because they do not

1  constitute a timely *claim* in this matter.  In order to survive a motion to dismiss plaintiff must

2  allege facts showing either that he timely filed a claim with the HCSD or that he is excused from

3  the CTCA's timeliness requirement.  The *written* claim must be in substantial compliance with

4  the requirements of Cal. Govt. Code 910.

5      In accordance with the foregoing, the court will recommend the grant of HCSD

6  Defendants' motion to dismiss plaintiff's state law claims for failure to comply with the CTCA.

7  However, although the potential for substantial compliance with the CTCA claims filing

8  requirement is doubtful, plaintiff should be given leave to amend.  On amendment, plaintiff

9  should specify when any *written* claim(s) to HCSD were made, what they alleged and when they

10  were denied.  The amendment shall demonstrate that the claim(s) made substantially comply with

11  the requirements of Cal. Govt. Code section 910.  Here, if it exists, an exhibit to the amended

12  complaint would be helpful.

13                    iii.      Remaining State Law Grounds for Dismissal in HCSD's Motion

14      Because it is unlikely that plaintiff will be able to amend to set forth substantial

15  compliance with the CTCA's claim filing requirements, the undersigned declines at this time to

16  review the remainder of HCSD's grounds to dismiss state law claims.

17                    iv.      Conspiracy (Winston)

18      Winston argues that plaintiff's state law claims should be dismissed because he fails to

19  allege facts sufficient to support his claim that Winston conspired with the HCSD Defendants.

20  The court will dismiss plaintiff's state law claims because they rely entirely upon plaintiff's

21  conspiracy claims, which go factually unsupported.

22      Allegations of conspiracy supported by nothing more than bare legal conclusions are not

23  entitled to the presumption of truth.  See State ex rel. Metz v. CCC Info. Servs., Inc., 57 Cal. Rptr.

24  3d 156, 168 (2007) ("In making such allegations bare legal conclusions, inferences, generalities,

25  presumptions, and conclusions are insufficient.").  Plaintiff's state law claims rely entirely upon

26  his conclusory conspiracy claims.  The state law sections in plaintiff's FAC include no factual

27  allegations against Winston individually.  Instead, plaintiff's claims refer to defendants

28  collectively and incorporate previously alleged facts by reference wholesale regardless of their

19

1    relevance.  See ECF No. 10 at 37 (citing "Defendants' acts as aforesaid" and "[t]he conduct of

2    Defendants as aforesaid").  Once again, this type of shotgun pleading makes it difficult if not

3    impossible to discern whether plaintiff alleged any facts relevant to his state law claims.  See

4    Magluta, 256 F.3d at 1284 ("The complaint is replete with allegations that "the defendants"

5    engaged in certain conduct, making no distinction among the fourteen defendants charged, though

6    geographic and temporal realities make plain that all of the defendants could not have participated

7    in every act complained of.").  Accordingly, the court will recommend dismissal of plaintiff's

8    state law claims against Winston because he fails to allege any facts to support them.  However,

9    plaintiff should be given leave to amend.

10                        4.    Leave to Amend

11        The undersigned has recommended that plaintiff be given leave to amend in several

12    respects.  A pro se litigant must be given leave to amend his or her complaint, and some notice of

13    its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be

14    cured by amendment.  Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995) (citing Noll v. Carlson,

15    809 F.2d 1446, 1448 (9th Cir. 1987)).  However, futile amendments should not be permitted.

16    See, e.g., DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 188 (9th Cir. 1987) (quoting Klamath–

17    Lake Pharmaceutical Ass'n v. Klamath Medical Service Bureau, 701 F.2d 1276, 1293 (9th Cir.

18    1983)).  For example, leave to amend would be futile, and leave to amend properly denied, where

19    a plaintiff's alleged facts, even if true, provide no basis for federal subject matter jurisdiction.  See

20    Orsay v. U.S. Dept. of Justice, 289 F.3d 1125, 1136 (9th Cir. 2002); Pink v. Modoc Indian Health

21    Project, Inc., 157 F.3d 1185, 1189 (9th Cir. 1998); Cato, 70 F.3d at 1110.  The court finds that

22    here leave to amend is not futile and accordingly, will grant plaintiff leave to amend his claims.

23        If plaintiff chooses to amend his FAC, aside from the curing the deficiencies noted above,

24    he must set forth the jurisdictional grounds upon which the court's jurisdiction depends.  As a

25    model for drafting a second amended complaint, plaintiff is directed to McHenry v. Renne, 84

26    F.3d 1172, 1177 (9th Cir. 1996).  There, the Ninth Circuit Court of Appeal upheld the dismissal

27    of a complaint it found to be "argumentative, prolix, replete with redundancy, and largely

28    irrelevant.  It consists largely of immaterial background information."  It observed that the

1   Federal Rules require that a complaint consist of "simple, concise, and direct" averments.  Id.

2   Phrased another way, "[v]igorous writing is concise."  William Strunk, Jr. & E.B. White, The

3   Elements of Style, § III, ¶ 13.  Accordingly, any amended complaint should **not exceed twenty-**

4   **five pages**.  Plaintiff must distinguish among defendants and show particular claims against each

5   one.  Plaintiff can do this by alleging in specific terms how each named defendant is involved and

6   which claims or causes of action are relevant to which defendant.  Defendants may be grouped in

7   meaningful ways, but claims vaguely referring to "defendants" are insufficient.  See McHenry v.

8   Renne, 84 F.3d 1172, 1175 (9th Cir. 1996).  Plaintiff must not provide evidentiary attachments to

9   the complaint.[10]

10      In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

11  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

12  complaint be complete in itself without reference to any prior pleading.  This is because, as a

13  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

14  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

15  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

16  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

17      B.      Motion for Early Discovery

18      The court will deny plaintiff's motion for early discovery for lack of good cause.

19  Generally, discovery is not permitted without a court order before the parties have conferred

20  pursuant to Federal Rule of Civil Procedure 26(f).  Fed. R. Civ. P. 26(d)(1).  Yet, "in rare cases,

21  courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to

22  permit the plaintiff to learn the identifying facts necessary to permit service on the defendant."

23  Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing Gillespie v.

24  Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)).  Courts grant these requests when the moving party

25  shows good cause for the early discovery.  Semitool, Inc. v. Tokyo Elec. Am., Inc., 208 F.R.D.

26  273, 275–76 (N.D. Cal. 2002).  Plaintiff argues that the court should grant him early discovery

27

28  [10]  While a complaint must contain specific allegations directed to specific defendants, it should
    not include evidentiary matters.

21

1    because it would help him in responding to defendants' motions.  ECF No. 38.  Plaintiff does not,

2    however, explain how early discovery would assist him in stating a claim.  Accordingly, the court

3    finds that plaintiff has not shown good cause for permitting early discovery and it will deny his

4    motion.

5          C.      Reimbursement for Personal Service

6          The HCSD Defendants argue that they should not be required to pay the costs of personal

7    service because Federal Rule 4(d) does not apply to them.

8          Federal Rule 4(d) states that "[a]n individual, corporation, or association that is subject to

9    service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the

10   summons.  The plaintiff may notify such a defendant that an action has been commenced and

11   request that the defendant waive service of a summons."  If a defendant subject to service under

12   Rule 4(e), (f), or (h) fails to waive service without good cause the court must impose both (1) the

13   expenses incurred in making service, and (2) any expenses associated with any motion required to

14   collect the costs of service.  Fed. R. Civ. P. 4(d)(2).  States and local governments, however, are

15   not required to waive service, and neither are their officers.  See Fed. R. Civ. P. 4(d)(1) (requiring

16   individuals, corporations, partnerships, and associations to waive service, but not the state or

17   federal government); see also 1993 Advisory Committee Note to Rule 4(d) ("The United States is

18   not expected to waive service for the reason that its mail receiving facilities are inadequate to

19   assure that the notice is actually received by the correct person in the Department of Justice.  The

20   same principle is applied to agencies, corporations, and officers of the United States and to other

21   governments and entities subject to service under subdivision (j).").

22         The HCSD is a political subdivision of the state of California.  Accordingly, it was not

23   required to waive service under Rule 4(d).  The remaining HCSD Defendants, as officers of the

24   HCSD, were also not required to waive service.  Accordingly, the court finds that the HCSD

25   Defendants have shown good cause for failing to waive service and will deny the USM's request

26   for reimbursement.

27         D.      Motion for Leave to Amend

28         The court will deny plaintiff's separately filed motion for leave to amend.  Local Rule

137(c) requires that all motions for leave to amend be accompanied by the proposed amended complaint.  Plaintiff's motion does not include a proposed amended complaint.  What's more, the court is granting plaintiff leave to amend his complaint upon its dismissal, so his motion is moot. If plaintiff wishes to assert claims against Jason J. Sommer and Robert W. Lucas he may do so on amendment.

CONCLUSION

In accordance with the foregoing, THE COURT HEREBY ORDERS that:

1.  Plaintiff's motion for early discovery, ECF No. 38, is hereby DENIED;

2.  Plaintiff's motion for leave to amend, ECF No. 45, is hereby DENIED;

3.  The USM's request for reimbursement, ECF No. 21, is hereby DENIED; and

IT IS HEREBY RECOMMENDED

1.  HSCD Defendants' motions to dismiss section 1983 claim based on a lack of state action should be denied (ECF Nos. 14 and 35) ; defendant Winston's motion should be granted, but plaintiff should be granted leave to amend;

2.  All defendants' motions to dismiss based on failure to state a section 1983 federal claim on the merits (ECF Nos. 14 and 35) should be granted, but plaintiff should be granted leave to amend

3.  All defendants' motions to strike plaintiff's state law claims (anti-SLAPP motion), (ECF Nos. 14, 35), should be hereby DENIED without prejudice to renewal if brought as a separate motion after plaintiff amends the complaint;

4.  Defendants' motions to dismiss state law claims for failure of plaintiff to file a CTCA claim (ECF Nos. 14 and 35) are granted, but plaintiff should be granted leave to amend;

5.  Defendant Winston's motion to dismiss state law claims based on conspiracy should be granted, but plaintiff should be granted leave to amend.

Any amended complaint must comply with the requirements for such as outlined above. The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint;" plaintiff must file an original and two copies of the amended

23

1  complaint; failure to file an amended complaint will result in a recommendation that these

2  defendants be dismissed from this action.

3      These findings and recommendations are submitted to the United States District Judge

4  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

5  after being served with these findings and recommendations, any party may file written

6  objections with the court and serve a copy on all parties.  Such a document should be captioned

7  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

8  shall be served and filed within fourteen days after service of the objections.  Failure to file

9  objections within the specified time may waive the right to appeal the District Court's order.

10  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11  Dated: September 9, 2015

12                              /s/ Gregory G. Hollows

13                        UNITED STATES MAGISTRATE JUDGE

14

15

16

17  GGH17/harr1595.dism

18

19

20

21

22

23

24

25

26

27

28