UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER T. HARRELL,<br><br>              Plaintiff,<br><br>     v.<br><br>HORNBROOK COMMUNITY SERVICES DISTRICT, MICHELLE HANSON, PATRICIA BROWN, SHARREL BARNES, ROGER GIFFORD, ROBERT WINSTON, JULIE BOWLES, CLINT DINGMAN, ERNEST GOFF, ROBERT PUCKETT, SR., HORNBROOK COMMUNITY BIBLE CHURCH (a.k.a. "HCBC"), STEVEN CRITTENDEN, MURPHEY, PEARSON, BRADLEY & FEENEY, INC., BASIC LABORATORY, INC., DUKE MARTIN, KISHER, WINTON & BOSTON, L.C. and Does 9-20,<br><br>              Defendants. | No.  2:14-cv-1595 KJM GGH<br><br>ORDER |

On the Court's calendar for hearing on August 4, 2015 are Motions to Dismiss by defendant Robert Winston, ECF No. 66, Hornbrook Community Services District, ECF No. 68, and Murphy, Pearson, Bradley & Feeney, Inc., ECF No. 69, Motions to Strike by Robert Winston, ECF No. 67, and Murphy, Pearson, Bradley & Feeney, Inc., ECF No. 70, and Plaintiff's Motion for Preliminary Injunction and Request for Appointment of a Receiver.  ECF No. 71. There are, however, procedural issues related to Plaintiff's Motion.

1

Eastern District of California Local Rule 230 requires that:

    (b) The moving party shall file a notice of a motion, motion, accompanying briefs and affidavits, if appropriate, and copies of all documentary evidence that the moving party intends to submit in support of the motion. The matter shall be set for hearing on the motion calendar of the Judge or Magistrate Judge to whom the action has been assigned or before whom the motion is to be heard *not less than twenty-eight (28) days after service and filing of the motion.*

    (c) Opposition, if any to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date.

Plaintiff filed his Motion for Preliminary Injunction and for Appointment of a Receiver on July 12, 2016 and noticed it for hearing on August 4, 2016, thus allowing only 23 days, not the required 28 days, between that filing and the stated hearing date. Having failed to conform to the Rules of Procedure in place in this Court, Plaintiff's motion *will not be heard* on the August 4 calendar. Insofar as the Magistrate Judge responsible for hearing this matter will be unavailable until September 25, 2016, Plaintiff is ordered to re-notice his Motion for hearing on that date, defendants' Oppositions will be due on September 8, 2016, and plaintiff's Reply will be due on September 15, 2016.[1]

In addition to the foregoing, Plaintiff filed a document titled "Motion for Stay" on July 19, 2016. The "Motion" seeks to stay all pending Motions to Dismiss and to Strike so that plaintiff may give notice to "now properly named" John Doe defendants and they can be served with process.[2] He anticipates that it is likely that these newly served defendants will wish to file their own Motions to Dismiss and to Strike and opines that it will conserve judicial resources to have all of these motions heard at one time. Plaintiff did not set a hearing date for this Motion.

---

[1] Plaintiff's motion for preliminary injunction is not a counter-motion entitled to be heard on the same date as the motions to dismiss et al. Plaintiff's motion was not filed in conjunction with an opposition to defendants' motions.

[2] It is important to note that Plaintiff filed his original Complaint on August 6, 2014. Thus he has had two years to identify and to serve Doe defendants.

2

Attached to the "Motion" are emails reflecting that plaintiff did attempt to get agreement to this stay from opposing counsel, but they were unwilling to stipulate since plaintiff refused to include his Motion for Preliminary Injunction and Appointment of a Receiver in the stay. As should be clear from a reading of Local Rule 230, excerpted above, the Court does not hear Motions that are neither noticed nor properly scheduled for hearing. To have the Court address Plaintiff's request for stay will require that he calendar and notice the motion properly to some future date. The properly noticed and calendared Motions to Dismiss and to Strike will, therefore, be the only matters heard at the hearing on August 4, 2016.

In light of the foregoing, the Court hereby Orders as follows:

1. The Clerk of the Court shall remove the Plaintiff's Motion for Preliminary Injunction and to Appoint a Receiver from the Court's August 5, 2016 calendar;

2. Any further motions filed in this matter shall be noticed and filed in accordance with the requirements of Local Rule 230.

IT IS SO ORDERED.

Dated: July 21, 2016

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE