1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PETER T. HARRELL,                          No.  2:14-cv-1595 KJM GGH

12                    Plaintiff,

13          v.                                   ORDER

14   HORNBROOK COMMUNITY
     SERVICES DISTRICT, MICHELLE
15   HANSON, PATRICIA BROWN,
     SHARREL BARNES, ROBERT
16   WINSTON, JULIE BOWLES, CLINT
     DINGMAN, ERNEST GOFF, ROGER
17   GIFFORD, ROBERT PUCKETT, SR.,
     HORNBROOK COMMUNITY BIBLE
18   CHURCH, STEVEN CRITTENDEN,
     MURPHY PEARSON BRADLEY AND
19   FEENEY, BRADLEY & FEENEY, INC.,
     BASIC LABORATORY, INC., DUKE
20   MARTIN, KISHER, WINTON &
     BOSTON, and Does 1-20,
21
                     Respondents.
22

23

24                          PROCEDURAL BACKGROUND

25          This case was filed by Plaintiff on July 7, 2014.  ECF No. 1.  Plaintiff was granted In

26   Forma Pauperis status on August 6, 2014, ECF No. 3, and has been acting in this matter *pro se*.

27   Since that date the following matters have been calendared for hearing by the court:

28
                                              1

1.    8/21/14 Plaintiff's Motion to Amend the Complaint.  That ECF No. 6.  Motion was denied without prejudice to its refiling if accompanied by the proposed Amended Complaint, on 8/29/14.  ECF No. 7.

2.    10/9/14 An Order to Show Cause was issued by the court directing plaintiff to show cause why the complaint should not be dismissed for failure to serve the named defendants.  ECF No. 8.

3.    10/30/14 Plaintiff responded to the Order by filing a Motion to Amend accompanied by his proposed First Amended Complaint.  ECF No. 9.

4.    12/5/14 The Order to Show Cause issued on 10/9/14 was discharged, and Plaintiff's Motion to Amend was denied.  The Clerk was directed to issue summonses on defendants named in the Order and the U.S. Marshal was directed to serve said summonses within 90 days.  ECF No. 11.

5.    2/23/15 Defendant Robert Winston moved to dismiss the complaint and strike state law claims.  A hearing on the motion was set for 4/16/15.  ECF No. 14.

6.    3/25/15 Plaintiff moved for a 45 day extension of time to respond to the pending motion. ECF No. 18.

7.    4/1/15 The court granted the plaintiff's motion and vacated its calendar stating that the Motion would be recalendared if necessary after briefing was completed.  ECF No. 20.

8.    4/22/15 Defendants Barnes, Bowles, Brown, Dingman, Goff, Hanson, and Hornbrook Community Services District sought an extension of time to respond to the First Amended Complaint.  ECF No. 23.

9.    4/24/15 The defendants were granted an extension of time to respond making their response due on May 22, 2015.  ECF No. 24.

10.    4/28/15 Plaintiff requested Entry of Default against defendants Barnes, Bowles, Brown, Dingman, Hanson and Hornbrook Community Services District, filed his Opposition to the Motion to Dismiss and to Strike, objected to the extension of time to respond granted to defendants on 4/24/15.  ECF No. 27.

////

2

11.     5/8/15 The court ordered newly served defendants to pay the United States Marshal $316 each as the cost of service unless they could each individually show good cause for failing to waive personal service.  ECF No. 32.

12.     5/8/15 Defendant Robert Winston filed a Reply Memorandum relating to the pending Motion to Dismiss and to Strike.  ECF No. 33.

13.     5/22/15 the court issued an order that the pending Motion would be heard on 8/6/15.

14.     5/22/15 The defendants responded to the courts 5/8/15 order to pay costs of service by showing they were exempt as a public agency and officials of that agency sued in their official capacities.  ECF No. 34.

15.     5/29/15 Plaintiff formally objected to defendants responses re personal service. ECF No. 37.

16.     6/2/15 Plaintiff sought an Order permitting initiation of written discovery.  ECF No. 37.

17.     6/4/15 Defendant Robert Winston filed Opposition to ECF No. 37.

18.     6/12/15 The other served defendants joined in the Opposition of Robert Winston. ECF No. 40.

19.     6/19/15 Plaintiff filed his Reply re ECF No. 37.  ECF No. 41.

20.     7/13/15 Plaintiff moved for a 30 day extension of time to respond to the Motion to Dismiss.  ECF No. 42.

21.     7/22/15 The court issued an Order granting Plaintiff until 8/13/15 to Oppose the Motion to Dismiss, directed defendants to reply by 8/20/15, vacated its calendar of the hearing scheduled for 8/20/15 and submitted the Motion without oral argument.  ECF No. 43.

22.     8/12/15 Plaintiff Opposed the defendants' Motion to Strike.  ECF No. 48.

23.     8/20/15 Defendants Replied to plaintiffs' Opposition.  ECF NO. 49.

24.     9/10/15 The court issued Findings and Recommendations denying plaintiff's motion for early discovery, denying his motion to amend the complaint, denying the U.S. Marshal's request for reimbursement of service fees, granted in part and denied in part the

3

1   defendants' Motion to Dismiss and referred the matter to District Judge Kimberly J. Mueller with
2   objections due in 14 days.

3       25.     9/10/15 to 9/24/15 All parties filed Objections to the Findings and
4   Recommendations. ECF Nos. 51-54.

5       26.     3/22/16 District Judge Mueller issued an order granting defendant Winston's
6   Motion to dismiss section 1983 claims with leave to amend as to all defendants, denied
7   defendants' motions to strike plaintiff's state law claims (anti-SLAPP motions ECF Nos. 14, 35)
8   without prejudice to renewal by a separate motion after the Second Amended Complaint was
9   filed.  ECF No. 55.

10      27.     4/22/16 Plaintiff moved for a 30 day extension of time to file a Second Amended
11  Complaint.  ECF No. 57.

12      28.     3/28/16 This court granted Plaintiff 30 days to file the Second Amended
13  Complaint.  ECF No. 58.

14      29.     5/31/16 Plaintiff filed his Second Amended Complaint.  ECF No. 59.

15      30.     6/9/16 The court ordered that defendants were to file a responsive pleading to the
16  Second Amended Complaint 20 days from the date of the Order.  ECF No. 64.

17      31.     6/29/16 Defendants Robert Winston, Hornbrook Community Services District, and
18  Murphy Pearson filed Motions to Dismiss, ECF Nos. 66, 68 and 69, and Robert Wilson and
19  Murphy Pearson filed Motions to Strike, ECF No. 67, 70, all set for hearing on August 4, 2016.

20      32.     7/12/16 Plaintiff filed a Motion for Preliminary Injunction and Request for
21  Appointment of a Receiver to be heard on the 8/4/16 hearing date.  ECF No. 71.

22      33.     7/19/16 Plaintiff sought to Stay all proceedings on Rule 12(b) and SLAPP motions
23  pending service on and appearance of additional Doe defendants.  ECF No. 75.

24      34.     7/21/16 Defendants Hornbrook Community Services District, Hanson, Brown,
25  Barnes, Bowles, Goff and Dingman filed a joint Opposition to plaintiff's Motion (ECF No. 71).
26  ECF No. 77.

27      35.     7/22/16 Defendant Dingman filed a separate Opposition to Plaintiff's Motion to
28  Stay.  ECF No. 82.

4

36.     7/22/16 The court vacated the August 5 hearing, rescheduled it for August 22, 2016, and directed that any further motions should be noticed and filed in accordance with the requirements of Local Rule 230.  ECF No. 83.

37.     7/25/16 Defendants Bradley & Feeney, Inc., Murphy Pearson, and Hornbrook Community Services District filed Replies regarding the pending Motion to Dismiss.  ECF Nos. 84-86.

38.     7/27/16 Plaintiff requested a continuance of the 8/22 hearing date re his motions for Preliminary Injunction and Appointment of a Receiver. ECF No. 88, and Objections to the Court's 7/22/15 Order.  ECF No. 89.

39.     7/28/16 Defendants Kisher, Winton, Hornbrook Community Service District and Robert Winton filed Reply Memoranda re their Motions to Dismiss and Strike, ECF No.s 90, 81, and Hornbrook Community Services District Objected to Plaintiffs Request for a Continuance of the Hearing.  ECF No. 92.

After having cycled through two Motions to Dismiss and to Strike, granted several extensions of time to Answer or Respond to Plaintiff, Plaintiff, having missed the deadline to oppose the pending Motions,[1] seeks yet another extension of time to file Opposition -- Item No. 38, supra.

DISCUSSION

As pointed out in the Oppositions to Plaintiff's Requests, ECF Nos. 71, 77, 82 and 92, the court has been considerate of plaintiff's previous requests for extensions of time.  Yet, there are two sides in this litigation and both must be given due consideration.  Plaintiff filed this lawsuit which has, no doubt, caused much expense and time for all concerned, including the court.  Defendants' concerns in this regard are well stated in their effort to prevent this case being stalled even further.

////

---

[1]  Plaintiff did, however, find the time to file his own Motion for Preliminary Injunction and to Appoint a Receiver after the last round of Motions to Dismiss and Strike were already on the court's calendar.  Item No. 33, supra.

1   The court will not base its decision regarding how to proceed on the technical aspects of

2   the rules when viewing an *ex parte* request to extend time, but it is important to recognize that

3   Federal Rule of Civil Procedure 1 requires that all rules are to be applied in a manner which will

4   aid in the "just, speedy and inexpensive determination of every action and proceeding."

5   Although not all of the delay in this case has been occasioned by plaintiff's requests, at this point

6   the case progression has been anything but "speedy and inexpensive."  Plaintiff must realize that

7   when he invokes the power of the court to require persons and entities to appear in court,

8   regardless of their wishes, he incurs a responsibility to aid in the application of Rule 1.  He is not

9   permitted to make the litigation a punishment in itself in the hopes that the other side will simply

10  wear out or run out of resources.[2]  Plaintiff must also realize that the issues in this case

11  occasioned by his 160 page plus Second Amended Complaint, naming a multitude of defendants,

12  are complex and numerous and the court requires time to sort out the legitimate issues, if any,

13  from those which should be eliminated from the case.

14  CONCLUSION

15  Therefore, plaintiff having filed no timely opposition to the pending motions originally

16  scheduled for hearing on August 4, 2016, and now pending on the court's September 22, 2016

17  hearing calendar, the court declines to hold a live hearing.  The pending Motions will be heard on

18  the papers submitted.  Although the court will endeavor to decide all Motions correctly, plaintiff

19  shall have no further say in how the ruling is shaped, except by way of any objections he may file

20  to Objections to the ultimate Findings and Recommendations of the court.

21  In addition, in order for the court to maintain control of the unruly docket in this case, and

22  because further motions may well be irrelevant if the court were to find that all or some of the

23  defendants should be dismissed, no further non-emergency motions will be entertained by the

24  court until there is a final ruling on the present motions.  In the event of a bona fide emergency

25  which necessitates the filing of an emergency motion, the party or parties desiring to file that

26

27  [2] Whether this is plaintiff's intent or not is beside the point at this stage.  Whether because of
    intent or merely through failure to adhere to rules that are clearly spelled out, the effect is the

28  same – inordinate delay and cost.

1   motion shall first obtain the permission of the court to file such motion by making a request

2   detailing the need for it which shall be responded to by the opposing side in five court days from

3   receipt of the request either electronically or by paper service, whichever is later.  The court will

4   then act expeditiously to resolve the request to file the emergency motion.  The parties are

5   cautioned that abuse of this emergency motion procedure shall result in sanctions.

6          For the foregoing reasons, it is ordered as followed:

7          1.      The Clerk shall vacate the court's September 22, 2016 hearing on the Motions

8   pending in this case;

9          2.      No further filings will be accepted from any party unless in conformity to the

10  emergency motion procedure outlined herein;

11         3.      All pending matters are under submission to await a formal ruling from the court.

12         **IT IS SO ORDERED.**

13  Dated: August 1, 2016

14                                  /s/ Gregory G. Hollows
15                          UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28