UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER T. HARRELL,<br><br>          Plaintiff,<br><br>     v.<br><br>HORNBROOK COMMUNITY SERVICES DISTRICT, MICHELLE HANSON, SHARREL BARNES, ROBERT WINSTON, JULIE BOWLES, CLINT DINGMAN, ERNEST GOFF, ROGER GIFFORD, ROBERT PUCKETT, SR., HORNBROOK COMMUNITY BIBLE CHURCH, STEVEN CRITTENDEN, MURPHY PEARSON, BRADLEY & FEENEY, INC., BASIC LABORATORY, INC., DUKE MARTIN, and KISHER, WINTON, & BOSTON L.C.,<br><br>          Defendants. | No.  2:14-cv-01595 KJM GGH<br><br>ORDER |

Plaintiff is proceeding pro se with the above-entitled action.  The matter was referred to a United States Magistrate Judge as provided by Local Rule 302(c)(21).

On September 20, 2016, the magistrate judge filed findings and recommendations, which were served on all parties and contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days after service of the findings and recommendations.  ECF No. 108.  Plaintiff filed objections to the Findings and

1

1    Recommendations on October 3, 2016, 2016, ECF No. 111, as did two of the defendants, Roger
2    Gifford, ECF No. 110, and Sharrel Barnes,[1] ECF No. 112.  Defendants Robert Winston, and
3    Kirsher, Winston & Boston filed a response to plaintiff's objections.  ECF No. 113.
4           In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304,
5    this court has conducted a de novo review of this case.  Having reviewed the file, and the
6    magistrate judge's findings and recommendations, the court ADOPTS the findings and
7    recommendations, IN PART.  The court adopts the recommendation to dismiss plaintiff's second
8    amended complaint, ECF No. 49, on the grounds that plaintiff's complaint does not comply with
9    Federal Rule of Civil Procedure 8.  The court declines to dismiss plaintiff's complaint with
10   prejudice at this time.  Instead, the court grants plaintiff leave to amend his complaint while
11   complying with Rule 8, and subject to a strict twenty-five (25) page limit, including any
12   attachments.
13          Also, examination of *Gifford v. Puckett*, 2:16-cv-0955 TLN AC reveals that it
14   relates to this case within the meaning of Local Rule 123(a), because "both actions involve the
15   same parties and are based on the same or a similar claim." L.R. 123(a).  Relating cases under
16   Rule 123 causes both actions to be assigned to the judge and magistrate judge to whom the first
17   filed action was assigned, but it does not consolidate the actions.  Accordingly,  *Gifford v.*
18   *Puckett*, 2:16-cv-0955, is hereby reassigned to the undersigned and Magistrate Judge Gregory G.
19   Hollows.
20          Accordingly, IT IS HEREBY ORDERED that:
21          1. The court adopts the magistrate judge's recommendation to dismiss plaintiff's
22   second amended complaint, filed on September 20, 2016 (ECF No. 108).
23          2. Plaintiff is given leave to file a third amended complaint within fourteen (14)
24   days of this order, and the complaint **shall not exceed twenty-five pages**, including any
25   /////
26
27          [1] Sharrel Barnes may be improperly aligned in this case insofar as her objections adopt the totality of plaintiff's allegations except those applying to her. ECF No. 112 at 2:3–12.
28

attachments.  If plaintiff's complaint exceeds twenty-five pages, the complaint will be subject to immediate dismissal, with prejudice.

       3. This matter is referred back to the magistrate judge, who may of course impose additional requirements on the parties' filings to allow the court's judicious and expeditious handling of the case.

       4.  Case No. 2:16-cv-0955 TLN AC is reassigned from United States District Judge Troy L. Nunley to the undersigned, and from Magistrate Judge Allison Claire to Magistrate Judge Gregory G. Hollows.  The caption on documents filed in the reassigned case shall now be 2:16-cv-0955 KJM GGH, and the Clerk of the Court shall appropriately adjust the assignment of civil cases to compensate for this reassignment.

       This resolves ECF No. 108.

DATED:  March 29, 2017.

_____
UNITED STATES DISTRICT JUDGE