UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER T. HARRELL, | No. 2:14-cv-1595-KJM-GGH PS |
| Plaintiff, | |
| v. | ORDER |
| HORNBROOK COMMUNITY SERVICES DISTRICT, et al., | |
| Defendants. | |

Plaintiff represents himself in this case. On April 26, 2017, plaintiff filed a document styled as "response and objections," in essence asking this court to reconsider its order adopting in part the magistrate judge's findings and recommendations. Mot., ECF No. 148; *see* District Court Order, Mar. 29, 2017, ECF No. 139 (adopting in part ECF No. 108). As discussed below, the court DENIES plaintiff's request, construed as a motion for reconsideration.

Courts review motions to reconsider nondispositive pretrial orders under the "clearly erroneous or contrary to law" standard. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see also* Local Rule 303(f). "A finding is clearly erroneous when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 622 (1993) (internal quotation marks omitted) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "An order is contrary to law when it fails to apply or

1

misapplies relevant statutes, case law, or rules of procedure." *Estate of Stephen E. Crawley v. Robinson*, No. 13-02042, 2015 WL 3849107, at *2 (E.D. Cal. June 22, 2015) (quoting *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008)).

Here, plaintiff faults this court for adopting the magistrate judge's findings and recommendations without engaging in an independent analysis. Plaintiff misunderstands the district court's role. District courts review a magistrate judge's recommendation on dispositive rulings for any legal or factual errors and may adopt the recommendations if no errors exist. 28 U.S.C. § 636(b)(1)(C); Local Rule 304. Here, as it noted, the court independently reviewed the magistrate judge's recommended dismissal. Finding no legal or material factual errors, the court largely adopted the findings and recommendations without detailed analysis, but it did exercise its independent judgment in not adopting the recommendations in full.

Instead of dismissing the complaint with prejudice, the court granted plaintiff leave to amend the complaint one more time. Given plaintiff's consistent noncompliance with Rule 8, as reviewed extensively in the magistrate judge's order, and plaintiff's demonstrated propensity for excessive verbiage, the court imposed a 25-page limit. District Court Order at 2. The magistrate judge's order explained why plaintiff's initial complaints were too verbose and confusing to state a claim. *See* ECF No. 108. Plaintiff's position that he does not know how to adequately state his claims within the new limitation is unpersuasive.

Plaintiff has not identified any new facts or any plausible legal grounds to warrant reconsideration here. Plaintiff's seventeen-page motion mostly rehashes his initial objections to the magistrate judge's order. *See generally* Mot.; Pl.'s Obj. to Magistrate Order, ECF No. 111. This court has no "definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods.*, 508 U.S. at 622. The court DENIES plaintiff's motion for reconsideration. Plaintiff is cautioned to abide by this court's page limitation order, and all case management orders issued by the magistrate judge. Failure to comply with court orders will result in imposition of sanctions, including possible dismissal of the case.

IT IS SO ORDERED. This resolves ECF No. 148.

DATED: May 3, 2017.

UNITED STATES DISTRICT JUDGE

2