UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER T. HARRELL,

    Plaintiff,

    v.

HORNBROOK COMMUNITY
SERVICES DISTRICT, et al.,

    Defendants.

No. 2:14-cv-01595 KJM GGH

FINDINGS AND RECOMMENDATIONS

*INTRODUCTION AND SUMMARY*

    Management of judicial resources is the quintessential zero sum game.[1] Time spent on one litigant's case necessarily means that other litigants will stand in line waiting for their turn. When a litigant unnecessarily bogs down the judicial process, all others suffer because less thoughtful time is spent on their cases, or as is more likely the case, the court simply places their concerns on the back burner while dealing with the litigant whose incessant, voluminous and prolix filings bespeak a litigation narcissism.

    The instant case is an example of a purposeful overloading of the court with pleadings which take up more than warranted judicial attention, but which simultaneously demonstrate a

---

[1] In economic or game theory, a zero sum game is a situation in which one person or group can gain something only by causing another person or group to lose it. See Meriam-Webster.com, Meriam Webster n.d., 9 August 2017.

1

desire to wage a war of attrition on the opposing parties. There seems to be no desire on plaintiff's part to ever reach the merits of a viable claim; rather, there seems to be much desire to use the litigation process per se as an end in itself.

Plaintiff filed his complaint in this matter on July 7, 2014, ECF No. 1, and requested to proceed in forma pauperis on the same day. ECF No. 2. The court granted in forma pauperis status on August 6, 2014 and directed service of the complaint by the U.S. Marshal. ECF No. 3. Now, just a few days short of three years later, the action has not gone beyond the complaint phase; indeed, no viable complaint has yet been provided, and plaintiff now refuses to provide one.

## *THE PARTIES*

Plaintiff was at one time the acting Manager of the defendant Hornbrook Community Services District ("District"), and now a former and disgruntled, to say the least, ex-employee of the District. The action began in part as a suit alleging that he was terminated from his employment as retaliation for his exercise of his First Amendment rights, but has since morphed into a muddied and muddled conglomeration of claims, both federally and state law based, challenging the manner in which the district is run in general, its hiring practices, its failure to adhere to the State's opening meeting law, and its claim to operate as a water company in violation of nearly every law and regulation applicable to such an enterprise.

Defendant includes the District itself, and nearly everyone currently, or perhaps ever, associated with the District all of whom he alleges have acted unwisely or criminally in the operation of the District and, for a while, any lawyer who attempted to represent it. The District, which according to information on the web page of the State Water Resources Control Board, Division of Drinking Water, serves only a population of approximately 280 people and 141 water connections.[2] It is tiny indeed.

Although the court has laid out the procedural history of this case in several earlier orders, it will do so here again, to assure that all of the salient facts are collected in one place and so that

---

[2] Under Federal Rule of Evidence 201(b) the Court takes judicial notice of this information as the accuracy of the Board's postings cannot reasonably be questioned.

the impact of plaintiff's actions in this case, his contumacious conduct, and his probable vexatious intent, are clear. It will also note other allied cases associated with this case[3], which add to the inference that plaintiff and his allies desire to achieve through the *process* of litigation what they apparently cannot receive through democratic procedures.

*PROCEDURAL HISTORY*[4]

7/07/14    Plaintiff files his original complaint which comprises 24 pages with an additional 57 pages of material appended.[5]  The First Claim includes two "counts," purportedly grounded in federal law: Freedom of Speech and Due Process.  The Second Claim comprises eight counts grounded in state law – Slander, Willful Negligence, Negligence, False Light, Civil Conspiracy, Intentional and Negligent Infliction of Emotional Distress, Labor Code Violations, Nuisance and a plea for punitive damages.  The named defendants include the District, Michele Hanson, Patricia Brown, Sharrel Barnes, Robert Winston (District counsel) and Does 1-20.  ECF No. 1.  The Complaint is accompanied by a Motion to Proceed In Forma Pauperis.  ECF No. 2

8/6/14    Order grants in forma pauperis status and directs service of the Complaint by the United States Marshal.  ECF No. 3.

8/21/14    Before any defendant has answered, plaintiff files a Motion to Amend his Complaint.  ECF No. 6

---

[3] One of the defendants in this case, Roger Gifford, and another plaintiff have filed complaints of that are, in principal part, a mirror of the instant matter.  See Olson v. Hornbrook CSD, et al., 2:15-cv-646 MCE CMK, Amended Complaint dismissed with leave to amend not to exceed 25 pages. ECF No. 9 (5/18/17); Gifford v. Hornbrook CSD, et al., 2:cv-15-1274 MCE AC, Appeal to Ninth Circuit Court of Appeals dismissed for failure to file the opening brief after and Order and Judgment pursuant to F.R.Civ.P 41(b), ECF Nos. 14-20 (6/8/17); Gifford v. Puckett, et al., 2:16-cv-955 (Related to instant case, ECF No. 45 (3/29/17)  and Second Amended Complaint dismissed without prejudice and permission to file Third Amended Complaint not to exceed 25 pages ECF 55 (4/7/17).

[4] Not all elements of this procedural history are directly relevant to the court' decision here, but they are necessary to demonstrate the burden the case has wrought on both the court's docket and the defendants' pocketbooks to this stage of the proceedings.

[5] It is important to note that his most recent, and every successive pleading submitted by plaintiff, fail to follow Local Rule of Eastern District of California No. 130(c) which calls for consistent double spacing of text.  Instead plaintiff varies between single spacing on documents such as Declarations, and 1-1/2 spacing for pleadings, thus greatly increasing the word quantity found on each page of these documents which understates the number of pages actually filed if done so in conformity to the Rule.

| | |
|---|---|
| 1 | 8/29/14    Order denies the Motion to Amend without prejudice to its refiling |
| 2 | accompanied by the proposed Amendment.  ECF No. 7. |

8/29/14    Order denies the Motion to Amend without prejudice to its refiling accompanied by the proposed Amendment.  ECF No. 7.

10/9/14    Order to Show Cause within 21 days of the date of the Order why the matter should not be dismissed for failure to serve.  ECF No. 8.

10/30/14   Motion to Amend the Complaint and Response to the Order to Show Cause, ECF No. 9, and the First Amended Complaint, ECF No. 10, are filed by plaintiff.  His response to the Order to Show Cause indicates he needed to wait until some "final 'official acts'" were taken by some of the Defendants.

The Amended Complaint comprised 93 pages – a 38 page Complaint with 55 pages of District Board Minutes and related documents appended, and added state claims for Violation of District Bylaws, Government Code violations, Employment Discrimination, Unfair Business Practices, and Violation of the Covenant of Good Faith and Fair Dealing, some claims split into several counts.  It also added two additional District officials to the defendant list.  ECF No. 10.

12/5/14    Order discharging the Order to Show Cause and denying the Motion to Amend as unnecessary.  In addition the Order identified the defendants upon whom service of the Original Complaint was appropriate[6] and directed the Clerk to issue and the U.S. Marshal to serve process within 90 days of the Order.  ECF No. 11.  The Amended Summons was issued on the same day.  ECF No. 12.

12/29/14   Plaintiff filed a Memorandum regarding the service documents indicating he had filled out all necessary forms and provided copies of all required documents to the U. S. Marshal for service on December 21, 2014.  ECF No. 13.

2/23/15    Defendant Robert Winston files a Motion to Dismiss and to Strike state claims under California's SLAPP law pursuant to Federal Rule of Civil Procedure 12(b)(6) and California Code of Civil Procedure Section 425.16 and sets a hearing for April 16, 2015.  ECF No. 14.

---

[6] The service list included defendants District, Hanson, Brown, Barnes, Winston, Bowles, Dingman and Goff, thus covering all defendants named in both Complaints – the operative Original Complaint and the draft Amended Complaint.

3/18/15	Order directs plaintiff to file a statement providing the street addresses for defendants District and Ernest Goff and plaintiff's telephone number within 14 days and warns failure to comply may result in dismissal of the Complaint. ECF No. 17.

3/25/15	Plaintiff files objections to the Motion to Dismiss or, in the alternative, for an extension of 45 days in which to file an Opposition. ECF No. 18.

3/26/16	Plaintiff provides information called for in the Court's 3/18/15 Order. ECF No. 19.

4/1/15	Order grants plaintiff 30 days from the date of the order in which to oppose the Motion to Dismiss, and direct defendant to reply within 7 days thereafter, takes the matters under submission and vacates the calendar for resetting if a hearing is necessary. ECF No. 20.

4/22/15	All defendants, sans Robert Winston, file a Motion for Extension of Time to Answer the Complaint to May 22, 2015. ECF No. 23.[7]

4/24/15	Order grants extension of time to Answer to May 22, 2015. ECF No. 24.

4/28/15	Plaintiff files a letter to the Office of the Clerk of the Court objecting to the appearance of Robert Lucas as not properly qualified to represent the defendant and therefore contending that no defendant other than Winston has answered his Complaint timely. ECF No. 26. On the same date plaintiff files a Request for Entry of Default as to defendants Sharrel Barnes, Julie Bowles, Patricia Brown, Clint Dingman, Michele Hanson and the District based on his contention that attorney Lucas cannot legally appear on behalf of these defendants, ECF No. 27, Objections to these defendants' application for additional time to Answer, ECF No. 28, his Opposition to defendant Winston's Motion to Dismiss, ECF No. 29, and a Request for Judicial Notice of LAFCO documents establishing the District as a recognized Community Services District effective December 13, 1977. ECF No. 30. Collectively, plaintiff filed 128 pages of briefing and appended documents.

4/30/15	Plaintiff files an objection to the Court's Order granting defendants additional

---

[7] Attorney Robert W. Lucas files this document under a special appearance due to the conflict that disallows Robert Winston, the District's counsel, from doing so in light of his status as a defendant in the lawsuit.

time to respond to the Complaint on the ground that attorney Robert Lucas, who specially appeared on behalf of the individual defendants, could not do so and noting that the effect was to put these defendants in default. ECF No. 31.

    5/8/15       Defendant Robert Winston files a Reply Memorandum in support of his Motion to Dismiss the original Complaint. ECF No. 33.

    5/22/15     The individual defendants file a Motion to Dismiss the Amended Complaint for failure to state a cognizable claim. ECF No. 35.

    6/2/15       Plaintiff files a request for permission to engage in written discovery to assist him in his preparation of opposition to defendant Winston's Motion to Dismiss and related SLAPP issues, ECF No. 38, which defendant Winston opposes on 6/4/15. ECF No. 39. This opposition is joined by the individual defendants on 6/12/15. ECF No. 40.

    6/19/15     Plaintiff files a Reply related to his request for discovery. ECF No. 41.

    7/13/15     Plaintiff seeks a 45 day extension of time to oppose defendants' Motion to Dismiss now set for hearing on August 6, 2015. ECF No. 42.

    7/22/15     The court issues an Order extending time for plaintiff's opposition to August 13, 2015 and defendants' Reply to August 20, 2015 which also vacates the hearing set for August 6, 2015 and takes the matter under submission subject to further scheduling. ECF No. 43.

    8/12/15     Plaintiff files his Opposition Memorandum and Declarations from two current District Board Members, Roger Gifford, who is also a defendant in the case, and Kimberly Olson. ECF Nos. 46-48. This submission totaled 95 pages, again single or 1-1/2 spaced pleadings, the last of which contained 92 footnotes. ECF Nos. 46-48.

    8/20/15     Defendants Reply and matter is submitted. ECF No. 49.

    9/10/15     Court files an Order and Findings and Recommendations denying plaintiff's Motions for early discovery and to amend the complaint and recommends the Motions be dismissed in part and denied in part. ECF No. 50. Plaintiff is granted leave to amend and provided guidance on proper pleading under Federal Rule of Civil Procedure 8 in this Order which also directs that "any amended complaint should **not exceed twenty-five pages.**" (Emphasis in Original). ECF No. 50.

| | | |
|---|---|---|
| 9/11/15 | | Defendants filed objections to the foregoing Order on the ground that it gives plaintiff permission to add Robert W. Lucas as a defendant in any amended complaint which they claim to be improper insofar as he is general counsel to the District, and Jason J. Sommer, who is identified as counsel for defendant Winston. ECF Nos. 51-52. |

9/11/15    Defendants filed objections to the foregoing Order on the ground that it gives plaintiff permission to add Robert W. Lucas as a defendant in any amended complaint which they claim to be improper insofar as he is general counsel to the District, and Jason J. Sommer, who is identified as counsel for defendant Winston. ECF Nos. 51-52.

9/10/15    Plaintiff filed a "Memorandum" concerning the 9/15 Order claiming he had not received the Order timely and seeking additional time to file objections. ECF No. 53.

[8] 9/24/15    Plaintiff filed Objections to the Order. ECF No. 54.

3/22/16    District Court Judge Kimberly J. Mueller entered an Order addressing the Magistrate Judge's Findings and Recommendations in which she granted defendants motion to dismiss with leave to amend but denied the right to name attorneys Lucas and Sommers as defendants, and denied defendants' strike motion without prejudice to renewal after plaintiff amends the First Amended Complaint. ECF No. 55.

3/28/16    The Magistrate Judge enters an Order granting plaintiff 30 days from the date of the Order to file a Second Amended Complaint that complies with the Federal and Local Rules. ECF No. 56.

4/22/16    Plaintiff seeks a 30 day extension of time to file his Second Amended Complaint, ECF No. 57, which request is granted on 5/2/16. ECF No. 58.

5/31/16    Plaintiff files his Second Amended Complaint consisting of 164 pages, still not properly double spaced, and 325 footnotes, ECF No. 59, along with a Table of Contents that is in and of itself 5 pages long. ECF No. 62.

6/9/16    By Order defendants are directed to file a response to the Second Amended Complaint within 20 days of its issuance. ECF No. 64.

6/29/16    Defendants file Motions to Dismiss under Federal Rules 12(b)(6) and 41(b), the latter predicated upon plaintiff's failure to adhere to the 25 page limitation placed on him in the Court's Order of September 10, 2015, and Motions to Strike based on the Anti-SLAPP statute to be heard on August 4, 2016. ECF Nos. 66-70.

---

[8] The court's docket indicates that the Clerk of the Court served the Order by mail on September 10, 2015.

7/12/16    Plaintiff moves for a Preliminary Injunction and Appointment of a Receiver based upon purported failures of the District to operate in conformity with the law. The entire submission amounts to 104 pages including argument, Declarations[9] and other attachments. ECF No. 71.

7/19/16    Plaintiff moves to stay all proceedings until all defendants named in the Second Amended Complaint have filed responses so all motions can be heard simultaneously. ECF No. 75.

7/21/16    Defendants file Oppositions to plaintiff's motions for Preliminary Injunction and Appointment of a Receiver along with supporting Declarations and a Request for Judicial Notice. ECF Nos. 77-82.

7/22/16    Order removing plaintiffs Motions for Preliminary Injunction and Appointment of Receiver from the court's hearing calendar as not conforming to the Local Rules. ECF No. 83.

7/22-7/28/16    All defendants file Reply Memoranda. ECF Nos. 84-86, 90-91.

7/27/16    Plaintiff requests a rescheduling of the hearing scheduled on the pending motions and a 90 day extension of time to Oppose defendants' Motions to Dismiss and Strike,. ECF No. 88, and files an objection to the Court's Order of July 22, 2016. ECF No. 89.

7/28/16 and 8/1/16    Defendants object to plaintiff's filings found at ECF No. 88 and 89. ECF Nos. 92, 96.

8/1/16    Order removes all pending matters from the court's calendar and takes them under submission, also directing that no further motions are to be filed without pre-approval by the court. ECF No. 95.

8/2/16    Plaintiff files new Motions for Preliminary Injunction and Appointment of Receiver, with Declarations from the same declarants as appeared in the earlier motion pleading, with hearing scheduled for September 22, 2016. ECF Nos. 97-100.

---

[9] One of the attached Declarations is signed by *defendant* Gifford, who filed his own lawsuit against the same cast of characters as found in this case, on May 5, 2016. See Gifford v. Puckett, 2:16-cv-955, ECF No. 1, which was declared related to this case by District Judge Mueller on 3/29/17. ECF No. 45.

8/15/16     Plaintiff seeks postponement of hearings until all defendants are served and joined, ECF No. 103, and files objections to the Court's 8/1/16 Order.  ECF No. 103.  Defendants oppose any further delay.  ECF Nos. 105, 106.

9/12/16     The court issues an Order to Show Cause why plaintiff should not be held in contempt of court for failing to obey the Court's order of August 1, 2016 by filing Motions found at ECF Nos. 97-100 and 103, without first receiving permission from the court and holding these Motions will not be calendared for hearing or considered on the merits at this time.  ECF No. 107.

9/20/16     The court files Findings and Recommendations recommending that plaintiff's Second Amended Complaint be dismissed with prejudice and judgment be entered pursuant to Federal Rule of Civil Procedure 41(b) for plaintiff's persistence in filing Complaints far exceeding the 25 page limit placed on such by the court and further failing to follow the court's instructions re content based on the elements of Federal Rule of Civil Procedure 8.  ECF 108. The prolixity of this amended pleading was found to make deciphering all the issues an impossibility, made ever fashioning reasonable discovery a nightmare, and would lead to an inevitable slew of motions both on the merits and in discovery.
(It should be noted here that this the pleading on which plaintiff now professes a desire to rest.  See infra.).

9/21/16     Plaintiff responds to the court's Order to Show Cause explaining that he wasn't receiving his mail timely as it takes 10-14 days for USPS to deliver mail to his P. O. Box,[10] and sometimes not at all, and thus he had not been aware of the "no filing" Order when he filed new motions.  ECF No. 109.[11]

10/3/16     Plaintiff and two of the *defendants* – Sharrel Barnes and Roger Gifford –file Objections to the court's Findings and Recommendations.  The filing defendants both contend that, although they are not responsible for any of the derelictions levied against them by plaintiff,

---

[10] The court has never heard of such inordinate delays in mail deliveries nor has it ever received a similar complaint by any pro se litigant residing in distant locations and receiving court served documents by mail.

[11] Plaintiff has never requested to serve and receive filings through the court's ECF system but indicates in ECF No. 109 that even gaining permission to use the ECF system will not solve his problem since access to internet services is "intermittent" in Oregon.

they believe his claims against the District and its other officers are true and correct and should be litigated, ECF Nos. 110-112. Plaintiff Harrell's Objections are found in a 39 page filing that attacks every aspect of the Order as not within the scope of controlling law, attributable to the court's inability to grasp the gravamen of his arguments, and the assertion that he has been "prevented" from opposing various motions brought by defendants among other things. ECF No. 111.

10/21/16-11/30/16 – Attorneys for defendant Sharrel Barnes seek to withdraw from representation in light of defendant Barnes's joinder in motions by plaintiff Harrell and defendant Gifford that create a conflict in their representation which is opposed by Barnes, Harrell and Gifford in a flurry of filings. ECF Nos. 115-123.

11/30/16  Motion to withdraw is granted in an Order by the Magistrate Judge and a counter-motion to disqualify all attorneys representing defendants by Sharrel Barnes, ECF No. 124, is calendared for hearing. ECF No. 126.

12/6/16-1/13/17 - Another flurry of briefing by all of the foregoing parties and notice of hearing on the counter-motion ensues. ECF Nos. 128-137.

12/29/16  Order directs parties to be prepared to discuss whether severance of defendants Gifford and Barnes into a separate action will resolve pending disqualification issues. ECF No. 131.

1/19/17  Hearing on disqualification issue attended only by counsel for defendants. ECF No. 138.

3/29/17  District Judge enters an Order adopting Findings and Recommendations in ECF No. 108, but grants plaintiff leave to file a third amended complaint <u>not to exceed 25 pages</u>, including attachments, and plaintiff is warned that failure to adhere to the court's orders will render amended complaint subject to immediate dismissal with prejudice. ECF No. 139.

4/7 and 4/14/17 – Time for filing of Third Amended Complaint set for April 26, 4017. ECF Nos. 141, 144.

4/12/17  Plaintiff Harrell and defendant Gifford file a stipulation for a Good Faith Settlement Order and Judgment. ECF No. 142. On May 1, 2017 the court enters and Order

10

striking the filing on grounds that the form of the application does not allow other defendants to claim indemnity against defendant Gifford if held liable, there is an unanswered question regarding the use of the state good faith settlement law in the context of this mixed federal/state action, and the absence of an operative complaint to assist in a determination of the effect of any good faith settlement ruling. ECF No. 150.

4/26/17    Plaintiff files a "Response and Objections" to District Judge Order re amendment, ECF No. 139. ECF No. 148.

5/1/17    Order to show cause why Complaint should not be dismissed for failure to file Third Amended Complaint in conformity with orders of Magistrate and District Judge with notice that failure to respond will result in dismissal with prejudice. ECF No. 149.

5/2/17    Plaintiff's Objections to striking of Stipulation for Settlement. ECF No. 151.

5/3/17    District Judge construes the Response and Objections in ECF No. 148 as a Motion for Reconsideration which is denied. ECF No. 152.

5/11/17    Plaintiff and defendant Gifford object to ECF No. 150 striking stipulation for settlement and entry of judgment. ECF Nos. 154, 155.

5/23/17    Plaintiff responds to the 5/1/17 Order to Show Cause by stating that he has declined to amend his complaint pursuant to Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004). ECF No. 156 and thus is not in violation of the Court's Order re amendment.

*DISCUSSION*

A.    *Dismissal Under Federal Rule of Civil Procedure 41(b)*

This case has been before the court for over three years and has yet to produce a settled complaint. Nonetheless, the docket is weighted with 156 entries, most of them involved with contentions that ultimately have no bearing on the merits of the litigation and advance the matter not at all. One defendant in this case, Roger Gifford, also has his own suit which mirrors both the style and, in many cases, the language and approach taken by the plaintiff here. As the procedural history shows defendant Gifford often joins with plaintiff in resisting actions by his co-defendants, which is in itself more than suspicious of litigation game playing. The two cases together are redolent with the suggestion that the point is not to bring this matter to trial, but

rather to burden the principal defendant, Hornbrook Community Services District [Hornbrook], with heavy defense costs. As the District is unusually small, see n. 1 and accompany text, supra, it is reasonably apparent that the defense costs are burdensome.

Based on the foregoing, the natural inclination of the court is to deal with this matter pursuant to Federal Rule of Civil Procedure 41(b) to dismiss with prejudice. The jurisprudence in this circuit makes clear that when the burden on both the court in terms of its effect on the court's docket and on other litigants, who must stand in line behind the constant attention required to deal with the vexatious case, would support that action. See, e.g., Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981)(Dismissal justified where reasonable alternatives were offered to plaintiff to address the defects of verbosity, confusion, and conclusory nature of pleading); Bittaker v. Rushen, 978 F.2d 714, *1 (9th Cir. 1982)(concurrence on grounds); Phenylpropanolamine (PPA) Products Liability Litigation, 40 F.3d 1217, 1224, 1252 (9th Cir. 2006)(non-compliance with court management orders where court's expectations were clearly stated renders dismissal the most viable option); California Coalition for Families and Children v. San Diego County Bar Assoc., 657 Fed.Appx. 675, 677-678 (9th Cir. 2016) (two complaints with 1,200 and 1,600 pages with attachments dismissed under 41(b)). The United States Supreme Court has supported the rationale of the foregoing cases, albeit in a dismissal under Federal Rule of Civil Procedure 37, where the plaintiff shows a "callous disregard" of his responsibilities to follow court orders. National Hockey League v. Metropolitan Hockey Club, Inc., 47 U.S. 639, 639-640 (1976). The situation here mirrors that in the Fifth Circuit case of Barnes v. Tumlinson, 598 Fed.Appx. 798 (5th Cir. 2015). There, the emphasis was on the contumacious conduct by the plaintiff, id. at 798, with plaintiff complaining any page limit imposed by the court was arbitrary and not required by Rule 8, especially in his case where he deemed it "impossible" to fit everything into a "short and plain" pleading, thereby displaying the same kind of stubbornness and contumaciousness displayed by plaintiff here. Id. at 798-799.

Going through the factors pertinent to dismissal for failure to obey a court order leads to the inescapable conclusion that the standards have been met.

////

> Under our precedents, in order for a court to dismiss a case as a sanction, the district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir.1998) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)). We "may affirm a dismissal where at least four factors support dismissal, ... or where at least three factors 'strongly' support dismissal." Id. (quoting *Ferdik*, 963 F.2d at 1263). "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors and we may review the record independently to determine if the district court has abused its discretion." *Ferdik*, 963 F.2d at 1261

Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).

Of course, the progress of this case has obviously been anything but expeditious (factor 1), and the court's need to manage its docket has been thoroughly explained, supra (factor 2). There is no risk of prejudice to the genuine defendants in this case (factor 3); the reasons for the previous dismissals were to prevent the prejudice which would occur if the claims are not understandably stated, and discovery would be boundless and uncontrollable without a myopic supervision of the case and adjudication of the countless, inevitable motions. The court has striven to have the claims understandably defined so that the case could proceed to its merits, but to no avail (factor 4). And, at this point, with plaintiff refusing to amend further, there is no alternative sanction (factor 5).

In the instant case, however, plaintiff has injected a new twist into his resistance of the court's authority that renders Rule 41(b) a possibly less correct means of dealing with his behavior.

B.   *Dismissal under Rule 12(b)(6)*

In plaintiff's objections to and request for reconsideration of Judge Mueller's Order permitting amendment but limiting the plaintiff to 25 pages of less in so doing, he claims his right to "stand on his complaint," and cites to the Ninth Circuit's decisions in Yourish v. California Amplifier, supra, 191 F.3d 983, 986 (9th Cir 1999), and Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004). ECF No. 148 at 9:23-10:7. Plaintiff sees the actions of this court to

13

be arbitrary and capricious and invoked purely because he is proceeding *pro se*, and emphasizes his right to proceed as he sees fit by citing to Faretta v. California, 422 U.S. 806, 813 (1975), an inapt criminal case to these civil proceedings. Id. at 10:11-11:5. By invoking this right to "stand," and citing to Yourish and Edwards, plaintiff invites dismissal under Rule 12(b)(6).

In WMX Technologies, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997)(en banc), the court made clear that a plaintiff who had his complaint dismissed with leave to amend could not immediately appeal that decision since it was not final, but if "a plaintiff files in writing a notice of intent not to file an amended complaint, . . . filing of such a notice gives the district court an opportunity to reconsider, if appropriate, but more importantly, to enter an order dismissing the action, [an order] that is clearly appealable." 104 F.3d at 1135 (quoting Lopez v. City of Needles 95 F.3d 20 (9th Cir. 1996). The case cited by plaintiff, Edwards, supra, reiterated this holding that a plaintiff "may obtain an appealable final judgment by 'fil[ing] in writing a notice of intent not to file an amended complaint.'" 356 F.3d at 1064.

Thus, when a plaintiff clearly communicates his choice to stand on his complaint he may not have disobeyed the court's Order in such a way as to invite a Rule 41(b) dismissal, but he has transformed the court's threat dismissal for disobedience of its order into a "final, appealable judgment." Id. at 1064. In so holding the court noted that there is more than a formal difference between a dismissal under Rule 41(b) and one under Rule 12(b)(6) insofar as the former is deemed a sanction for disobedience while the latter "carries no such stigma," but permits appellate review directly upon the question of whether the plaintiff has stated a claim upon which relief can be granted. Id. at 1065.

There is some question in the undersigned's mind whether Edwards et al., fit the situation here. In the cases cited, the plaintiff had received a ruling on the merits of the claims, albeit some of the claims had been dismissed for failure to allege facts with specificity, but because of the perceived error of law on the merits, plaintiff was desirous of receiving a final ruling on the legal issues from the court of appeal. Here, plaintiff contests, not dismissal of his claims on the merits, but the Magistrate Judge's and District Judge's conclusion that the Second Amended Complaint was a hopeless mish-mash of verbose narrative, prolix claims which were entwined with the

14

narrative, even in some of the hundreds of footnotes, as well as the order to keep his pleading to a succinct 25 pages—a procedural ruling and not a ruling on the legal merits of claims. It is difficult to conceive that such becomes a determination that specific claims lacked a legal basis, a point at which the court has been unable to arrive. The point of the previous dismissal with leave to amend was that the prolixity denied defendants a fair opportunity to identify and respond to the claims.

But perhaps the rule conundrum is now a distinction without a difference. If plaintiff receives a Rule 41 final dismissal, it is appealable; if he receives a Rule 12 dismissal, it is appealable. Although the standards for review of the different dismissals are different, the facts and rulings germane to the appeal do not change simply because a different rule number is applied to decide them in this court.

*CONCLUSION*

But for plaintiff's invocation of Edwards, et al., this court has no doubt that the contumacious behavior of plaintiff would meet all the criteria for a Rule 41(b) dismissal. Edwards, however, may require a dismissal pursuant to Rule 12(b)(6) which will allow the Ninth Circuit to review the entirety of the record and determine whether plaintiff may proceed with this litigation. The best way to resolve this case is to issue alternative rulings.

In light of the foregoing, IT HIS HEREBY FOUND AND RECOMMENDED that:

1. Plaintiff's Second Amended complaint be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to obey a court order, or in the alternative pursuant to Rule12(b)(6) for failure to state a claim;

2. Judgment should be enter and the Clerk of the Court should close this file.

This Findings and Recommendations is submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, the parties may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified
/////

time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

DATED: August 14, 2017

/s/ Gregory G. Hollows<br>UNITED STATES MAGISTRATE JUDGE