UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER T. HARRELL,<br><br>Plaintiff,<br><br>v.<br><br>HORNBROOK COMMUNITY SERVICE DISTRICT, et al.,<br><br>Defendants. | No. 2:14-cv-01595-KJM-GGH<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Defendant Roger Gifford has requested in forma pauperis status, ECF No. 171 in connection with his Notice of Appeal, ECF No. 167, of the district court's Order dismissing the above captioned matter with prejudice, ECF No. 159, and the subsequent entry of judgment. ECF No. 160.

Although the affidavit signed by defendant Gifford indicates he may be unable to pay the costs and expenses of appeal, his request should nonetheless be denied on the ground that his attempt to appeal is a frivolous act. Gifford is not the party against whom the Order was entered, but rather a defendant to whose advantage the Order redounded. As this court noted in its Order and Findings and Recommendation that led to the district court's Order and the Judgment, ECF No 157, defendant Gifford, who has his own suit in process against most of the defendants in this case, filed objections to the court's findings and recommendations in which he makes clear that he is attempting to appeal an interlocutory order of this court refusing to permit a settlement

1

agreement between plaintiff Harrell and himself to be effected.  <u>See</u>, e.g. ECF No. 147 at 9:22-2.

The undersigned has expressed concern that the two cases <u>Gifford v. Hornbrook Community Services District, et al.</u>, 2:16-cv-00955-KHM-GGH, and the instant one seemed, at best, to constitute using litigation for purely political purposes, and at worst, to bankrupt a tiny services district through litigation expenses, in which defendant Barnes appears complicit.  In considering the proposed settlement, however, the court focused on the fact that the two signatories to the settlement sought a finding of "good faith" by this court, which risked barring the other defendants from seeking indemnity from defendant Gifford or otherwise attacking the settlement.  The court found that to issue an order that provided this sort of insulation would be inappropriate.  ECF No. 150 at 1:19-2:1.  Further, and perhaps more importantly, the motion was made at a time when there was no operative complaint based upon which good faith could be tested, the district judge having Ordered the Second Amended Complaint dismissed with leave to amend.  ECF No. 139.  Finally, the lack of a pending action moots any ability to entertain a motion for good faith settlement.

*CONCLUSION*

In light of the foregoing IT IS HEREBY RECOMMENDED that Defendant's request to proceed on appeal in forma pauperis should be DENIED as frivolous.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after these findings and recommendations are filed, parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 13, 2017

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

2