UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER T HARRELL, | No. 2:14-cv-1595 KJM GGH |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | |
| HORNBROOK COMMUNITY SERVICES DISTRICT et al., | |
| Defendants. | |

*Introduction and Summary*

The Supreme Court has stressed that attorneys' fees are not to be awarded against individual civil rights plaintiffs unless the actions have been brought unreasonably, or continued past a point where unreasonableness is evident from the continued prosecution, Christiansburg Garment v. EEOC, 434 U.S. 412, 419 (1978), also finding, however, that bad faith is not necessary before attorneys' fees may be awarded to a prevailing defendant. This principle is derived from the desire to permit individuals to litigate civil rights grievances without fear of serious financial, potentially disastrous, consequences, should they lose the suit. On the other hand, some individuals, especially those who pay nothing for the institution of a lawsuit,

understand full well that the power to litigate can be, in itself, the power to injure or destroy. That is, for the price of little or nothing to plaintiff, a defendant can be put to the task of marshaling and expending significant resources in retaining attorneys in order to defend itself, even to the point of injurious detriment.[1] Such is the price all defendants must bear—but only to a point.

Defendants in the above captioned action, at least those who have not consciously or effectively decided to become complicit with their adversary, reached that point where the continued prosecution of this action by this well experienced, litigious plaintiff, repeatedly acting in disregard of court orders, could only be found as having been continued unreasonably.

The statute under which defendant Hornbrook Community Service District [hereafter "Hornbrook"][2] have moved for attorneys' fees -- 42 U.S.C. section 1988 -- is not the most appropriate basis for the attorneys' fees motion. However, it can be utilized as having been approved by the Supreme Court for defendants who have prevailed on procedural matters, as opposed to merits matters, CRST Van Expedited v. EEOC, __U.S.__, 136 S.Ct. 1642 (2016), and can be molded to fit the situations addressed by the more appropriate bases.

Hornbrook initially sought $86, 152.50 in fees and $2, 987.67 in costs. After hearing, Hornbrook revised its sought fees downward, ECF No. 185, and now seeks $43, 742.82, or in the alternative, $35, 835.02 in fees, if the hourly rate in the billings statements is utilized (as the undersigned has chosen to do). For the reasons set forth below, fees are awarded in the amount of **$24, 629.50 and costs awarded in the amount of $2, 987.67**.

*Procedural Background*

Much of this procedural background is extracted in part from the Findings and

---

[1] All too often many judges, including the undersigned, whose routine business it is to adjudicate legal controversies day-in and day-out, become desensitized to the fact that civil litigation is not "business" or "routine" for many parties. One's financial existence is often at stake regardless of whether a litigant is plaintiff or defendant.

[2] The defendants moving for attorneys fees are those represented by the Murphy et al. law firm, and in particular, Hornbrook Community Services District, Michele Hanson, Patricia Brown, Julie Bowles, Clint Dingman, and Ernest Goff. Except as to the factual background section, these defendants will be collectively referenced as "Hornbrook" for purposes of writing efficiency.

Recommendations regarding the reasons why the case was dismissed for failure to obey a court order. It is repeated here because it is this background which gives rise to the conclusion that, at least at some point, further prosecution of this lawsuit by plaintiff was unreasonable both because of violation of a court order and/or prolix filings. It speaks louder than mere characterizations of the proceedings in this case.

      7/07/14      Plaintiff files his original complaint which comprises 24 pages with an additional 57 pages of material appended.[3] The First Claim includes two "counts," purportedly grounded in federal law: Freedom of Speech and Due Process. The Second Claim comprises eight counts grounded in state law – Slander, Willful Negligence, Negligence, False Light, Civil Conspiracy, Intentional and Negligent Infliction of Emotional Distress, Labor Code Violations, Nuisance and a plea for punitive damages. The named defendants include the Hornbrook District, Michele Hanson, Patricia Brown, Sharrel Barnes, Robert Winston (District Counsel) and Does 1-20. ECF No. 1. The Complaint is accompanied by a Motion to Proceed In Forma Pauperis. ECF No. 2

    It is important to observe at this point, that this complaint is not plaintiff's first litigation. Rather he is a serial filer—one could characterize him as a professional in forma pauperis pro se filer. He has filed federal cases in the Eastern District of California and the District of Oregon. A fairly complete listing of plaintiff's Eastern District federal litigations are set forth in the footnote below.[4] Thus, it would not be correct in adjudicating this motion to give plaintiff the benefit of

---

[3] It is important to note that his most recent, and every successive pleading submitted by plaintiff, fail to follow Local Rule of Eastern District of California No. 130(c) which calls for consistent double spacing of text. Instead plaintiff varies between single spacing on documents such as Declarations, and 1-1/2 spacing for pleadings, thus greatly increasing the word quantity found on each page of these documents which results in understating the number of pages actually filed when measured based on conformity to the Rule.

[4] Harrell v George, 11-253 MCE DAD (involved in part the attempted removal of an HCSD director-- status- dismissed on merits
Non-HCSD cases
Harrell v. Lemons 05-0413 GEB CMK
Harrell v. Montgomery 05-1784 LKK CMK
Harrell v. Kapreos 06-849 MCE CMK
Harrell v. Murray 06-1701 LKK CMK
Harrell v. Oreck 06-847 MCE CMK

the doubt, as one might do with an ordinary pro se filer.

  8/6/14   Order grants in forma pauperis status and directs service of the Complaint by the United States Marshal.  ECF No. 3.

  8/21/14   Before any defendant has answered, plaintiff files a Motion to Amend his Complaint.  ECF No. 6

  8/29/14   Order denies the Motion to Amend without prejudice to its refiling accompanied by the proposed Amendment.  ECF No. 7.

  10/9/14   Order to Show Cause within 21 days of the date of the Order why the matter should not be dismissed for failure to serve.  ECF No. 8.

  10/30/14   Motion to Amend the Complaint and Response to the Order to Show Cause, ECF No. 9, and the First Amended Complaint, ECF No. 10, are filed by plaintiff.  His response to the Order to Show Cause indicates he needed to wait until some "final 'official acts'" were taken by some of the Defendants.

  The Amended Complaint comprised 93 pages – a 38 page Complaint with 55 pages of District Board Minutes and related documents appended, and added state claims for Violation of District Bylaws, Government Code violations, Employment Discrimination, Unfair Business Practices, and Violation of the Covenant of Good Faith and Fair Dealing, some of the claims split into several counts.  It also added two additional District officials to the defendant list.  ECF No. 10.

  12/5/14   Order discharging the Order to Show Cause and denying the Motion to Amend as unnecessary.  In addition the Order identified the defendants upon whom service of the Original Complaint was appropriate[5] and directed the Clerk to issue and the U.S. Marshal to serve

---

Harrell v. Highway Patrol 07-0847 MCE CMK
Harrell v. Buttram 14-0582 KJM AC
Harrell v. Ferguson 17- 2693 TLN GGH
In addition, plaintiff Harrell has been a litigant in numerous state cases and even as a criminal defendant.  Plaintiff Harrell has filed federal cases in Oregon as well. Harrell v. Southern Oregon University, 08-3037, Harrell v. Costco, 08-3092.
[5] The service list included defendants Hornbrook District, Hanson, Brown, Barnes, Winston, Bowles, Dingman and Goff, thus covering all defendants named in both Complaints – the operative Original Complaint and the draft Amended Complaint.

| | |
|---|---|
| 1 | process within 90 days of the Order.  ECF No. 11.  The Amended Summons was issued on the |
| 2 | same day.  ECF No. 12. |

        2/23/15        Defendant Robert Winston files a Motion to Dismiss and to Strike state claims under California's SLAPP law pursuant to Federal Rule of Civil Procedure 12(b)(6) and California Code of Civil Procedure Section 425.16 and sets a hearing for April 16, 2015.  ECF No. 14.

        3/25/15        Plaintiff files objections to the Motion to Dismiss or, in the alternative, for an extension of 45 days in which to file an Opposition.  ECF No. 18.

        3/26/16        Plaintiff provides information called for in the Court's 3/18/15 Order.  ECF No. 19.

        4/1/15        Order grants plaintiff 30 days from the date of the order in which to oppose the Motion to Dismiss, and directs defendant to reply within 7 days thereafter, takes the matters under submission and vacates the calendar for resetting if a hearing is necessary.  ECF No. 20.

        4/28/15        Plaintiff files a letter directed to the Office of the Clerk of the Court objecting to the appearance of Robert Lucas as not properly qualified to represent the defendants and therefore contending that no defendant other than Winston has answered his Complaint timely.  ECF No. 26.  On the same date plaintiff files a Request for Entry of Default as to defendants Sharrel Barnes, Julie Bowles, Patricia Brown, Clint Dingman, Michele Hanson and the District based on his contention that attorney Lucas cannot legally appear on behalf of these defendants, ECF No. 27, Objections to these defendants' application for additional time to Answer, ECF No. 28, his Opposition to defendant Winston's Motion to Dismiss, ECF No. 29, and a Request for Judicial Notice of LAFCO documents establishing the Hornbrook District as a recognized Community Services District effective December 13, 1977.  ECF No. 30.  Collectively, plaintiff filed 128 pages of briefing and appended documents.

        4/30/15        Plaintiff files an objection to the Court's Order granting defendants additional time to respond to the Complaint on the ground that attorney Robert Lucas, who specially appeared on behalf of the individual defendants, could not do so and noting that the effect was to put these defendants in default.  ECF No. 31.

| | | |
|---|---|---|
| 1 | 5/22/15 | The individual defendants file a Motion to Dismiss the Amended |

1      5/22/15      The individual defendants file a Motion to Dismiss the Amended
2  Complaint for failure to state a cognizable claim.  ECF No. 35.

3      6/2/15      Plaintiff files a request for permission to engage in written discovery to
4  assist him in his preparation of opposition to defendant Winston's Motion to Dismiss and related
5  SLAPP issues, ECF No. 38, which defendant Winston opposes on 6/4/15.  ECF No. 39.  This
6  opposition is joined by the individual defendants on 6/12/15.  ECF No. 40.

7      6/19/15      Plaintiff files a Reply related to his request for discovery.  ECF No. 41.

8      7/13/15      Plaintiff seeks a 45 day extension of time to oppose defendants' Motion to
9  Dismiss now set for hearing on August 6, 2015.  ECF No. 42.

10      7/22/15      The court issues an Order extending time for plaintiff's opposition to
11  August 13, 2015 and defendants' Reply to August 20, 2015, which also vacates the hearing set for
12  August 6, 2015 and takes the matter under submission subject to further scheduling.  ECF No. 43.

13      8/12/15      Plaintiff files his Opposition Memorandum and Declarations from two
14  current District Board Members, Roger Gifford, who is also a defendant in the case, and
15  Kimberly Olson.  ECF Nos. 46-48.  This submission totaled 95 pages, again single spaced or 1-
16  1/2 spaced pleadings, the last of which contained 92 footnotes.  ECF Nos. 46-48.

17      9/10/15      Court files an Order and Findings and Recommendations denying
18  plaintiff's Motions for early discovery and to amend the complaint and recommends the motions
19  be dismissed in part and denied in part.  ECF No. 50.  In this Order plaintiff is granted leave to
20  amend and provided guidance on proper pleading under Federal Rule of Civil Procedure 8 and
21  further directed that "any amended complaint should **not exceed twenty-five pages.**" (Emphasis
22  in Original).  ECF No. 50.

23      9/11/15      Defendants filed objections to the foregoing Order on the ground that it
24  gives plaintiff permission to add Robert W. Lucas as a defendant in any amended complaint
25  which they claim to be improper insofar as he is general counsel to the District, and Jason J.
26  Sommer, who is identified as counsel for defendant Winston.  ECF Nos. 51-52.

27  ////
28  ////

| | | |
|---|---|---|
| 1 | 9/21/15 | Plaintiff filed a "Memorandum" concerning the 9/15 Order claiming he had |

9/21/15    Plaintiff filed a "Memorandum" concerning the 9/15 Order claiming he had not received the Order timely[6] and seeking additional time to file objections. ECF No. 53.

9/24/15    Plaintiff filed Objections to the Order. ECF No. 54.

3/22/16    District Judge Kimberly J. Mueller entered an order addressing the Magistrate Judge's Findings and Recommendations in which she granted defendants' motion to dismiss with leave to amend, but denied the right to name attorneys Lucas and Sommers as defendants, and denied defendants' strike motion without prejudice to renewal after plaintiff amends the First Amended Complaint. ECF No. 55.

3/28/16    The Magistrate Judge enters an order granting plaintiff 30 days from the date of the order to file a second amended complaint that complies with the Federal and Local Rules. ECF No. 56.

4/22/16    Plaintiff seeks a 30 day extension of time to file a second amended complaint, ECF No. 57, which request is granted on 5/2/16. ECF No. 58.

5/31/16    Plaintiff files his Second Amended Complaint consisting of *164 pages*, still not properly double spaced, and containing *325 footnotes*, ECF No. 59, along with a Table of Contents that is, in and of itself, 5 pages long. ECF No. 62.

6/9/16    By order, defendants are directed to file a response to the Second Amended Complaint within 20 days of its issuance. ECF No. 64.

6/29/16    Defendants file Motions to Dismiss under Federal Rules 12(b)(6) and 41(b), the latter predicated upon plaintiff's failure to adhere to the 25 page limitation placed on him in the Court's Order of September 10, 2015, and Motions to Strike based on the Anti-SLAPP statute to be heard on August 4, 2016. ECF Nos. 66-70.

7/12/16    Plaintiff moves for a Preliminary Injunction and Appointment of a Receiver based upon purported failures of the District to operate in conformity with the law. The entire submission amounts to 104 pages including argument, Declarations[7] and other attachments.

---

[6] The court record reflects that the Clerk mailed the Order on September 10, 2015.

[7] One of the attached Declarations is signed by *defendant* Gifford, who filed his own lawsuit against the same cast of characters found in this case on May 5, 2016. See Gifford v. Puckett, 2:16-cv-955, ECF No. 1. The Gifford case was declared related to this case by District Judge

| | |
|---|---|
| 1 | ECF No. 71. |
| 2 | 7/19/16    Plaintiff moves to stay all proceedings until all defendants named in the Second Amended Complaint have filed responses so all motions can be heard simultaneously. ECF No. 75. |
| 5 | 7/21/16    Defendants file Oppositions to plaintiff's motions for Preliminary Injunction and Appointment of a Receiver along with supporting Declarations and a Request for Judicial Notice.  ECF Nos. 77-82. |
| 8 | 7/22/16    Order removing plaintiffs Motions for Preliminary Injunction and Appointment of Receiver from the court's hearing calendar as not conforming to the Local Rules. ECF No. 83. |
| 11 | 7/22-7/28/16   All defendants file Reply Memoranda.  ECF Nos. 84-86, 90-91. |
| 12 | 7/27/16    Plaintiff requests a rescheduling of the hearing calendared on the pending motions and a 90 day extension of time to Oppose defendants' Motions to Dismiss and Strike,. ECF No. 88, and files an objection to the Court's Order of July 22, 2016.  ECF No. 89. |
| 15 | 7/28/16 and 8/1/16    Defendants object to plaintiff's filings found at ECF No. 88 and 89. ECF Nos. 92, 96. |
| 17 | 8/1/16    Order removes all pending matters from the court's calendar and takes them under submission, also directing that no further motions are to be filed without pre-approval by the court.  ECF No. 95. |
| 20 | 8/2/16    Plaintiff files new Motions for Preliminary Injunction and Appointment of Receiver, with Declarations from the same declarants as appeared in the earlier motion pleading, and notices hearing for September 22, 2016.  ECF Nos. 97-100. |
| 23 | 8/15/16    Plaintiff seeks postponement of hearings until all defendants are served and joined, ECF No. 103, and files objections to the Court's 8/1/16 Order.  ECF No. 103.  Defendants oppose any further delay.  ECF Nos. 105, 106. |
| 26 | 9/12/16    The court issues an Order to Show Cause why plaintiff should not be held |

---

Mueller on 3/29/17.  ECF No. 45.  It is quite apparent by this time that these lawsuits are simply an exercise in political controversy, i.e., the "outs" suing the "ins."

in contempt of court for failing to obey the Court's order of August 1, 2016 by filing Motions found at ECF Nos. 97-100 and 103, without first receiving permission from the court and holding these Motions will not be calendared for hearing or considered on the merits at this time. ECF No. 107.

9/20/16    The court files Findings and Recommendations recommending that plaintiff's Second Amended Complaint be dismissed with prejudice and judgment be entered pursuant to Federal Rule of Civil Procedure 41(b) for plaintiff's persistence in filing a complaint far exceeding the 25 page limit placed on such by the court, and further failing to follow the court's instructions re content based on the elements of Federal Rule of Civil Procedure 8. The prolixity of this amended pleading was found to make deciphering all the issues an impossibility, made ever fashioning reasonable discovery a nightmare, and undoubtedly leading to a slew of motions both on the merits and in discovery.

9/21/16    Plaintiff responds to the court's Order to Show Cause explaining that he wasn't receiving his mail timely as it takes 10-14 days for USPS to deliver mail to his P. O. Box, and sometimes isn't delivered at all, and thus he had not been aware of the "no filing" Order when he filed new motions. ECF No. 109. (This "I wasn't served" excuse is made in several other orders in this case, and is extremely questionable).

10/3/16    Plaintiff and two of the *defendants* – Sharrel Barnes and Roger Gifford – file Objections to the court's Findings and Recommendations. The filing defendants both contend that, although they are not responsible for any of the derelictions charged to them by plaintiff, they believe his claims against the Hornbrook District and its other officers are true and correct and should be litigated. ECF Nos. 110-112. Plaintiff Harrell's Objections are found in a 39 page filing that attacks every aspect of the Order as not within the scope of controlling law, attributable to the court's inability to grasp the gravamen of his arguments, and making the assertion that he has been "prevented" from opposing various motions brought by defendants among other things. ECF No. 111.[8]

---

[8] It must be noted here, as it demonstrates the burden to which this tiny community services district has been placed, as well as an inference of complicity between plaintiff and Gifford, that

9

10/21/16-11/30/16   Attorneys for defendant Sharrel Barnes seek to withdraw from representation in light of defendant Barnes's joinder in motions by plaintiff Harrell and defendant Gifford that create a conflict in their representation of Hornbrook; the motion is opposed by Barnes, Harrell and Gifford in a flurry of filings.  ECF Nos. 115-123.

11/30/16   Motion to withdraw is granted in an Order by the Magistrate Judge, and a counter-motion to disqualify all attorneys representing defendants by Sharrel Barnes, ECF No. 124, is calendared for hearing.  ECF No. 126.

12/6/16-1/13/17   Another flurry of briefing by all of the foregoing parties and notice of hearing on the counter-motion ensues.  ECF Nos. 128-137.

12/29/16   Order directs parties to be prepared to discuss whether severance of defendants Gifford and Barnes into a separate action will resolve pending disqualification issues.  ECF No. 131.

1/19/17   Hearing on disqualification issue attended only by counsel for defendants.  ECF No. 138.

3/29/17   District Judge enters an Order adopting Findings and Recommendations in ECF No. 108, but grants plaintiff leave to file a third amended complaint <u>not to exceed 25 pages</u>, including attachments, and plaintiff is warned that failure to adhere to the court's orders will render amended complaint subject to immediate dismissal with prejudice.  ECF No. 139.

4/7-4/14/17   Time for filing of Third Amended Complaint set for April 26, 4017.  ECF Nos. 141, 144.

4/12/17   Plaintiff Harrell and defendant Gifford file a stipulation for a Good Faith Settlement Order and Judgment.  ECF No. 142.  On May 1, 2017 the court enters an Order striking the filing on grounds that the form of the application does not allow other defendants to

---

"defendant" Gifford -- the same Gifford who desired to "settle" with plaintiff herein -- has filed his own actions against the Hornbrook Community Services District and many of the same defendants sued in this case for essentially similar complaints, *i.e*, he does not like the way the district is being run,  See <u>Gifford v. Hornbrook</u>), 15-1274-MCE-AC (involves Hornbrook and many of the same individual defendants and contains allegations which mimic Harrell), and 14-582 MCE AC- dismissed on Rule 8 grounds; <u>Gifford v. Puckett</u>, 16-955 KJM-GGH, also names Hornbrook, many of the same plus additional individual and corporate defendants.

10

claim indemnity against defendant Gifford if held liable, there is an unanswered question regarding the use of the state good faith settlement law in the context of this mixed federal/state action, and the absence of an operative complaint to assist in a determination of the effect of any good faith settlement ruling. ECF No. 150.

    4/26/17        Plaintiff files a "Response and Objections" to District Judge Order re amendment, ECF No. 139. ECF No. 148.

    5/1/17        Order to show cause why Complaint should not be dismissed for failure to file Third Amended Complaint in conformity with orders of Magistrate and District Judge contains notice that failure to respond will result in dismissal with prejudice. ECF No. 149.

    5/2/17        Plaintiff files Objections to striking of Stipulation for Settlement. ECF No. 151.

    5/3/17        District Judge construes the Response and Objections in ECF No. 148 as a Motion for Reconsideration which is denied. ECF No. 152.

    5/11/17        Plaintiff and defendant Gifford object to ECF No. 150 striking stipulation for settlement and entry of judgment. ECF Nos. 154, 155.

    5/23/17        Plaintiff responds to the 5/1/17 Order to Show Cause by stating that he has declined to amend his complaint pursuant to Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004), and thus is not in violation of the Court's Order re amendment. ECF No. 156

    9/29/17        After Findings and Recommendations are issued recommending dismissal (8/15/17), and after objections are filed, the case is finally dismissed.

*Motion for Attorneys' Fees*

The Motion for Attorneys' Fees, ECF No. 165, was brought pursuant to 42 U.S.C. section 1988, and also pursuant to a Supreme Court case which held that prevailing defendants could bring such a motion on procedural grounds even if the case itself had been "won. CRST, supra. The initial motion sought fees for all work in this case. Costs and fees totaled over $89,000 at that point in the litigation.

A hearing was held -- one at which plaintiff was an unexcused non-appearing party. After discussing some legal issues with Hornbrook counsel, issues which indicated that recovery could

not be based on the entire case, see below, Hornbrook was ordered to file a supplemental declaration and an amended fee demand. That filing was made, ECF No. 185 and the new amount of attorneys' fees sought was alternatively $43, 742.82 and $35, 835.02.

Eastern District Local Rule 230(i) gives the court discretion to deem the non-appearance of an opposing party as a failure to oppose thus permitting a grant of the Motion without analysis. Nevertheless, the undersigned has, in this instance, adjudicated the essential merits of the motion after reviewing the written Opposition, ECF No. ECF No. 179. However, any procedural objections set forth by plaintiff in his Opposition are waived by his non-appearance, as is any contention that plaintiff's actions were not unreasonable or in bad faith commencing with the filing of the Second Amended Complaint. Plaintiff did not dispute the reasonable billing rate, nor the reasonable hours expended. The undersigned finds those issues waived as well, but has nonetheless chosen to use the lower billing rate evidenced in the billing statements rather than the rate stated in the Memorandum in support of the Motion. Further deductions were made by the court as it was found that not all hours for which compensation was sought were legally compensable in the circumstances of this case.

  *A.* <u>The Legal Basis for Attorneys' Fees</u>

As set forth above, the <u>CRST</u> case permits prevailing defendants in a section 1983 case to be awarded attorney's fees even if the case was decided on procedural grounds. However, the same <u>Christiansburg Garment</u> requirements for defendants' prevailing on the merits— unreasonableness, vexatiousness -- continue to apply.

The difficulty with application of <u>CRST</u> case is twofold: (1) there are more appropriate bases on which to award fees in the circumstances of this case; and (2) the case was brought on non-section 1983 grounds in part. Plaintiff's case was dismissed because of his deliberate failure to obey a court order. The proper ground for attorneys' fees, if awardable at all due to strict standards, is the inherent power of the court to control its own proceedings when bad faith or deliberate disobedience of a court order is demonstrated. <u>Zambrano v. City of Tustin</u>, 885 F.2d 1473, 1481-1482 (9th Cir. 1989). Plaintiff also unreasonably prolonged these proceedings filing motion after motion to the point where he was ordered not to file any further motions without

permission of the court.

Fees are awardable under 28 U.S.C. section 1927 under strict standards and, in this Circuit, pro se plaintiffs may be held liable for such attorneys' fees. Wages v. IRS, 915 F.2d 1230, 1235-36 (9th Cir. 1992). ("By attempting to file an amended complaint that did not materially differ from one which the district court had already concluded did not state a claim, and by continually moving for alterations in the district court's original judgment despite that court's clear unwillingness to change its mind, Wages evidenced bad faith in multiplying the proceedings in this case 'unreasonably and vexatiously,' see 28 U.S.C. § 1927."

The CRST case involved a situation where the entire case was dismissed because of a procedural flaw evident from the inception of the case, i.e., inadequate, required pre-filing investigation. In addition, CRST suggested other grounds for attorneys' fees were case dispositive procedural issues such as sovereign immunity and mootness. CRST, 136 S.Ct. at 1652-1653. It is difficult to construct a situation where a procedural defect (here violation of a court order and vexatious filings) only cropped up mid-way through a case, thereby positing a situation where only partial section 1988 fees might be awarded.

CRST is also difficult to apply because the case here was brought on multiple bases, civil rights being only one of them. How then does one apportion the correct fees for misconduct *within a case* which prevented the court from reaching the merits of a case whatever the claim? The penalty of attorneys' fees herein should fit the "crime" -- here, the disobedience to a court order and/or vexatiously prolonging a case. It is more logical to affix the cost to defendants occasioned by the misconduct, and not by the bringing of the action in the first instance.

The undersigned reconciles the CRST case, with the more appropriate bases for attorneys' fees, according to the alternative set forth in CRST to full fees for the case—fees may be awarded for continued unreasonable prosecution of the case *when it became unreasonable to do so*. CRST 136 S.Ct. at 1646 citing Chritiansburg Garment.

The undersigned finds that it became unreasonable, and in bad faith, for plaintiff Harrell to continue prosecution of his lawsuit at the time he filed the Second Amended Complaint (including civil rights violations) which was in violation of the court's 25 page limitation—an

13

amended complaint which was 164 single spaced, for the most part, pages including 325 footnotes. Furthermore, the prolix, even harassing, filings which followed bespeak an effort to prolong this action vexatiously.[9] Defendant's efforts following this violation were equally addressed to alleged civil rights claims as to other claims, i.e., there is no reasonable way for the various claims, whatever they were, to be divisible.

### *B.* Computation of the Award

The methodology utilized to compute attorneys' fees, i.e., the "lodestar method," is well established. One applies the reasonable hourly rate in the market where the litigation is venued to the reasonable hours expended. Moreno v. City of Sacramento, 534 F.3d 1106, 1101 (9th Cir. 2008). Plaintiff, in his written opposition, does not take issue with hourly rates set forth by defendants' counsel. Thus, the rates of counsel as set forth in ECF No. 185 are established.

Turning to the hours expended, again, plaintiff takes no issue with those hours. This could be considered a default which permits the undersigned to perform a simple mathematical calculation to determine awardable attorneys' fees. Nevertheless, in the interest of getting the attorneys' fees motion correct on the merits, the undersigned has chosen to take the more difficult course.

Keeping in mind that the bad faith or unreasonableness involved on plaintiff's part was not the bringing of the lawsuit per se, but the disobedience of the court order to keep his amended pleading to no more than 25 pages, and the prolix filings which occurred thereafter, the undersigned finds that it became unreasonable and in bad faith to continue the litigation past the filing of the Second Amended Complaint. That filing occurred in May 2016.

After the hearing, Hornbrook's counsel submitted a new declaration concerning fees which significantly reduced the hours for which compensation was sought. Primarily, the fees which were incurred for a further response to the Second Amended Complaint, the Motion for Preliminary Injunction, and the Attorneys' Fees motion were the subject of the fees request.

---

[9] To this point it must be noted that although this suit was filed July 7, 2014, three years and two months expired before it was dismissed – and yet the matter was never subject to scheduling, no discovery was undertaken, and the case was no closer to resolution when the dismissal occurred than it was the day it was filed.

14

Counsel placed an asterisk after each entry for which compensation was sought. Fees were not sought or awardable for inter-client contacts, or those fees which were related to the motions by defendant Barnes and defendant Gifford, and joined in by plaintiff, to disqualify counsel.[10] In the computation below, the undersigned has added to the non-asterisked billings, a few further deductions. The computation is as follows (not all months had billings):

May 2016 -- 0 (the entire month's billings consisted of client contact)

June 2016 -- **6,112.50** (all billings were are found to be appropriate)

July 2016 -- The total billings listed for this month are 10, 697.00; deductions are made for listings totaling: 162.50, 50.00, 50.00, 175.00, 75.00, 200.00, 75.00, 50.00, 150.00, 227.50, 175.00, 25.00, 15.00. Fees awardable in July total **9, 267.00**.

August 2016 -- total billings for this month were 3,980.00 but the court finds the only awardable fees are the entries for 75.00, 100.00, 130.00, 250.00, 300.00 for total awardable of **855.00.**

September 2016 -- 2, 505.00 was initially sought; deductions are made as follows: 75.00, 75.00, 260.00, 25.00, 25.00; total awardable are **2, 045.00**.

October 2016-- total billings are 6,300.00; all billings are deducted as related to the motion to disqualify for a total awardable of **0**.

November 2017 -- total billing are 2, 990.00; all billings are deducted as related to the motion to disqualify for a total awardable of **0**.

December 2016 -- 837.50 sought; all billings deductible as relating to the motion to disqualify for a total awardable of **0**.

January 2017 -- 3,425.00 were billed; all billings deductible as relating to the motion to disqualify for a total awardable of **0**.

April 2017 -- 3, 652.50 were billed; only those billings 125.00 and 100.00 are awardable for a total of **225.00**.

May 2017 -- 372.50 were billed; deductions were made for 15.00, 50.00,75.00, and 82.50 for a

---

[10] An educated guess can be made that the motion to disqualify defense counsel was a combined effort on the part of defendant Gifford, Barnes and plaintiff. But an educated guess is not evidence and will not be found to be part of a bad faith or unreasonable effort on plaintiff's part.

15

total awardable of **150.00**.

September 2017 -- all billings are awardable and total **150.00**.

October 2017 -- all billings are awardable for a total of **3,900.00**.

November 2017 -- 2, 290 were billed; deductions are made for 15.00 and 50.00 for a total awardable of **2, 225.00**.

Total Awardable Fees-- **$24, 629.50**.

*Conclusion*

Basic fairness requires suspension of the usual rule that plaintiffs filing civil rights suits are not assessed attorneys' fees for simply losing the lawsuit. However, plaintiff, a serial litigator who knew better, continued prosecution of this lawsuit after a time it became unreasonable to do so, and in bad faith, i.e., he intentionally flouted a court order designed to get the case on a reasonable track for ultimate adjudication and vexatiously multiplied the proceedings herein, failed to appear for hearings, and moved the case no closer to resolution from the day it was filed until the day it was dismissed, approximately three years later. In the process he not only prejudicially impacted the Hornbrook defendants, he also took unnecessarily of the court's time which could have been much better spent on reasonable litigants trying to move their matters to resolution who deserved the time spent here to be spent on their cases.

Accordingly, IT IS HEREBY RECOMMENDED that attorneys' fees in the amount of **$24, 629.50,** and costs in the amount of **$2, 987.67**, are awarded for Hornbrook and against plaintiff.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are

////

////

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 15, 2018

/s/ Gregory G. Hollows
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE